Barbara WOODS, M.D.; Luzmary
Aquino, M.D.; and Young Jun,
M.D., Plaintiffs–Appellants,

v.

Boaz MILNER, M.D.; Michael Sampson,
M.D.; James Stevens, M.D.; Alan Wil-
cox, M.D.; Edward Derwinski, M.D.,
Secretary of Veterans Affairs, Defen-
dants–Appellees.

No. 91–1469.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 7, 1991.

Decided Jan. 31, 1992.

Jeffrey A. Heldt (argued), Korney & Heldt, Birmingham, Mich., for plaintiffs-appellants.

Jennifer M. Gorland, Asst. U.S. Atty., Detroit, Mich. (argued), for defendants-appellees.

Before BOGGS and NORRIS, Circuit Judges, and TIMBERS,* Senior Circuit Judge.

TIMBERS, Senior Circuit Judge.

Appellants Barbara Woods, Luzmary Aquino and Young Jun appeal from a judgment entered March 15, 1991 in the Eastern District of Michigan, Southern Division, Gerald E. Rosen, *District Judge*, 760 F.Supp. 623 (E.D.Mich.1991), granting appellees' motion for summary judgment and dismissing the complaint in its entirety. In granting appellees' motion, the district court held that appellants lacked standing to challenge the propriety of a Veterans Administration (VA) regulation that permitted the appointment of temporary full-time physicians for renewable terms of employment up to three years. The court also held that the regulation did not conflict with the Congressional intent underlying 38 U.S.C. § 4114(a)(1988), which restricts most VA temporary appointments to ninety days.

* The Honorable William H. Timbers, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation.

In dismissing the complaint, the court held that what appellants alleged to be a binding oral contract of employment was not binding on the United States because it was negotiated by an unauthorized party, namely, the chief of staff of the VA hospital. Woods' claim of deprivation of a property interest in her job without due process was dismissed upon the court's holding that a temporary appointee holds no property interest in such an appointment. Jun's failure to establish a prima facie case of race and sex discrimination resulted in dismissal of her claim.

For the reasons set forth below, we agree with the district court that appellants lacked standing to challenge their temporary full-time appointments under the VA regulation. Since we also agree with the dismissal of appellants' claims, we affirm.

I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

Woods, Aquino and Jun are former and current "temporary full-time" physicians employed at the Veteran's Administration Medical Center in Allen Park, Michigan (Allen Park VA). Under the statutory scheme governing physician employment at VA facilities, employees are in three categories: (1) permanent appointees who have completed a two-year probationary period, 38 U.S.C. § 4104 (1988); (2) permanent appointees who are serving their two-year probationary periods, 38 U.S.C. § 4106 (1988); and (3) temporary appointees, 38 U.S.C. § 4114 (1988). While permanent appointees have certain statutory rights incident to the review of discipline and termination, including peer review, temporary appointees are subject to termination at will without advance notice. Temporary appointees also are limited by statute to appointments of ninety days, unless the Chief Medical Director finds that circumstances render it impracticable to obtain the necessary ser-

vices through permanent appointments. 38 U.S.C. § 4114(a).

Pursuant to statutory authority, the VA Department of Medicine and Surgery has promulgated regulations that allow temporary full-time appointments for renewable terms up to three years if the Chief Medical Director determines that such temporary appointments are "in the best interest of the service". Veterans Administration Manual MP–5; Department of Medicine and Surgery Supplement to VA Manual MP–5On. Under this regulation, each appellant received successive temporary appointments for periods not to exceed thirteen months. Appellants do not dispute that at the time of their initial appointments, and at the time of each renewal of appointment, they received notice that they were temporary full-time appointees under 38 U.S.C. § 4114(a).

Woods was employed under successive appointments for approximately seven years. In July 1989, after non-renewal of her expired temporary appointment, Woods applied for permanent status. Her application was rejected. Similarly, Aquino was employed for approximately three and one-half years before her request for permanent status was denied; she continues to work full-time under her last temporary appointment. Jun was employed for approximately three years before her request for permanent status was denied.

The request for permanent status by each appellant was denied because of a failure to meet the specific criteria for permanent appointments adopted by the Allen Park VA. Known as the Dean's Criteria, these standards represented an effort by the Allen Park VA to upgrade the quality of its medical staff and to enhance its educational contribution to its associate, the Wayne State University Medical School. The Allen Park policy required that all permanent appointees be either (1) Merit Review funded appointees transferring from other VA Medical Centers; (2) conversions from the Allen Park VA staff currently holding temporary appointments who have obtained Merit Review funding; or (3) a limited number of exceptional individuals who, by virtue of their previous experience and performance, reasonably can be expected to make a substantial research or administrative contribution. Under these standards, as of April 1990, there were 112 physicians on duty at the Allen Park VA; 46 held permanent positions; and only 8 were appointed after the adoption of the Dean's Criteria. Appellants do not dispute that they failed to obtain Merit Review funding at the time of their applications for permanent status.

On August 24, 1989, appellants commenced the instant action. Their original complaint sought damages for alleged breach of contract, statutory violations and constitutional violations arising from their employment with the VA. Defendants named in the action were Boaz Milner, appellants' immediate supervisor; Michael Samson, Chief of Staff; Alan Wilcox, Chief of Personnel Service; James Stephens, Facility Director; and Edward Derwinski, Secretary of Veterans Affairs.

Count One alleged that, since their appointments were for periods not to exceed thirteen months, they were appointed as temporary physicians in violation of § 4114, which permits temporary appointments for a period not to exceed ninety days absent specific findings by the Chief Medical Director that it would be impracticable to make permanent appointments. As a result, appellants alleged that the regulation pursuant to which they were appointed, designated as Veterans Administration Manual MP–5, was void because it conflicted with the clear statutory mandate for temporary VA appointees. Appellants sought a declaratory judgment invalidating the VA appointments that exceeded ninety days, together with a mandamus compelling defendants to appoint the physicians to permanent status.

Count Two alleged that the failure to convert each physician to permanent status breached a contract of employment, based at least in part on statements made by the former Chief of Staff, Lloyd Jacobs, who assured appellants that permanent status was imminent.

Count Three alleged that Woods was deprived of her property interest in her employment because she was terminated without due process.

On May 9, 1990, Jun amended the complaint to allege a claim of employment discrimination based on her race and sex pursuant to 42 U.S.C. § 2000e–16 (1988) (Title VII). The district court later dismissed this claim. No appeal was taken from the dismissal.

On March 15, 1991, the district court granted appellees' motion for summary judgment, holding first that appellants lacked standing to assert their claims since they were not injured by the VA's appointments to temporary positions for periods in excess of the statutory limit provided for in § 4114. *Woods v. Milner*, 760 F.Supp. 623 (E.D.Mich.1991). The court went further and held that, even if appellants could show standing, the VA regulation allowing appointments up to three years did not conflict with the Congressional intent behind § 4114. The court dismissed appellants' breach of contract and racial discrimination claims. This appeal followed.

## II.

The threshold issue presented is whether appellants have standing to challenge the VA regulation permitting appointments for terms up to three years. To meet the standing requirement of Article III of the United States Constitution, appellants must demonstrate "a personal stake in the outcome of the controversy". *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 72 (1978). To show a "personal stake" requires that appellants " 'personally ha[ve] suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979), and that injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.' *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 41 (1976)." *Valley Forge College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982).

Appellants assert that they have been injured by the VA's policy of making temporary appointments in excess of ninety days, absent specific findings that permanent appointments would be impracticable. They contend that such specific findings are required by the statute. If a policy requiring specific findings were in place, appellants contend that they would have received permanent appointments.

Appellants' assertion that they have been injured is without merit. As they have conceded, none was qualified under the Dean's Criteria for permanent appointment, whether or not specific findings were made. They cite no authority to suggest that their temporary appointments somehow should be transformed into permanent appointments, based solely on their length of tenure and not on the factors established by the Dean's Criteria.

The district court correctly held that appellants were unable to prove distinct injuries as a result of their thirteen-month appointments under the VA regulation. Indeed, appellants had *benefitted* from, rather than been harmed by, enforcement of the regulation. *Woods, supra*, 760 F.Supp. at 633. As was stated at oral argument, if the ninety-day provision had been strictly construed and the VA regulation permitting up to three-year appointments were declared void, appellants would have been terminated at the end of the first ninety-day appointment. Instead, the three appellants continued in successive temporary full-time appointments for several years. Absent some distinct, palpable injury, we hold that they do not have standing to challenge the regulation extending their term of employment beyond ninety days. In short, appellants have benefitted from the successive renewals of their temporary full-time appointments; absent some showing of injury, for lack of standing their claims may not be entertained.

## III.

We turn briefly to appellants' breach of contract claim and due process

claim. A district court's grant of summary judgment is reviewed *de novo*, "applying the same test as that used by the district court in reviewing a motion for summary judgment." *Adkins v. United Mine Workers of America*, 941 F.2d 392, 399 (6th Cir.1991) (quoting *Berlin v. Michigan Bell Tel. Co.*, 858 F.2d 1154, 1161 (6th Cir. 1988)). All inferences must be drawn in the light most favorable to the nonmoving party. *Id.* A court may grant a motion for summary judgment only if there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Id.*

■ On appeal, Aquino and Jun assert their claims of breach of contract, relying on the representations allegedly made at the time of their initial appointment. They claim that Dr. Jacobs, former chief of staff at Allen Park VA, promised them permanent appointments after a two-year probationary period.

The district court correctly dismissed these breach of contract claims, holding that the United States, as the federal employer of appellants, is not bound by secondary contracts, where the terms of employment are expressly governed by statute. *Chu v. United States*, 773 F.2d 1226, 1229 (Fed.Cir.1985). "Federal officials who by act or word generate expectations in the persons they employ, and then disappoint them, do not *ipso facto* create a contract liability running from the Federal Government to the employee, as they might if the employer were not the government." *Shaw v. United States*, 640 F.2d 1254 (1981). In view of appellants' inability to show that Dr. Jacobs had the authority to make such contractual promises on behalf of the United States, and the fact that a promise of automatic conversion to permanent status, without more, would place appellants' employment arrangements wholly outside of the statutory scheme established by § 4114, the district court properly dismissed their breach of contract claims.

■ Woods asserts that she was denied her property interest in her job without due process. The district court expressly held that an employee has no property rights in a position of temporary employment, where termination may occur at will. *Woods, supra*, 760 F.Supp. at 643–44. Woods herself concedes that, to hold in her favor, we must determine that she was a permanent employee. In view of both the absence of precedent for such automatic conversion to permanent status based solely on duration of employment and Woods' inability to meet the Dean's Criteria for permanent employment candidates, we hold that the district court correctly dismissed Woods' claim.

## IV.

To summarize:

First, appellants have failed to show any palpable injury or harm as a result of enforcement of the VA regulation permitting temporary appointments for renewable terms up to three years. Absent such a showing, appellants do not meet the threshold requirement of standing. Their claims were properly dismissed.

Second, since appellants have failed to show any employment contract by a person authorized to bind the United States, their employment relationship must be governed by federal statute, § 4114(a). As a result, their claims of breach of contract, where the contract was based at least in part on the representations of Dr. Jacobs at their initial hiring, was properly dismissed.

Third, since appellant Woods has no property interest in a temporary appointment, her due process claim was properly dismissed.

Affirmed.