_____

No. 95-3677
_____

Joyce E. Holtzman,                    *
                                      *
              Appellant,              *
                                      *
       v.                             *
                                      *
Thomas P. Mullon, as Director         * Appeal from the United States
of Veterans Medical Center;           * District Court for the
Gene D. Mickelson, as EEO             * District of Minnesota
Counselor; The Regents of the         *
University of Minnesota; Jesse        *    [UNPUBLISHED]
Brown, as Secretary of Veterans       *
Affairs,                              *
                                      *
              Appellees.              *

_____

Submitted:  October 25, 1996

Filed:  November 15, 1996
_____

Before McMILLIAN, FAGG and BEAM, Circuit Judges.
_____

PER CURIAM.


       Joyce E. Holtzman appeals from a final order entered in the District
Court[1] for the District of Minnesota granting summary judgment in favor of
the University of Minnesota (hereinafter the university) and several
federal defendants in her employment discrimination and civil rights
action.  Holtzman v. Mullon, No. Civil 4-92-597 (D. Minn. Sept. 5, 1995)
(granting summary judgment in favor of the university and federal
defendants); id. (Mar. 22, 1994) (dismissing state civil rights claim
against the university and denying petition for writ of mandamus).  For

_____

       [1]The Honorable David S. Doty, United States District Judge for
the District of Minnesota.

reversal appellant argues the district court erred in (1) dismissing her federal and state civil rights claims against the university on the ground of eleventh amendment immunity, (2) dismissing her employment discrimination claims against the university because the university was not her employer, (3) granting summary judgment in favor of the federal defendants because she did not have a protected property or liberty interest and failed to make a prima facie case of unlawful employment discrimination on the basis of sex and marital status, and (4) denying her motion for partial summary judgment and petition for writ of mandamus against federal defendant Mickelson. For the reasons discussed below, we affirm the order of the district court.

The background facts are set forth in the district court orders. We agree with the district court's well-reasoned analysis. The university is a state instrumentality and thus protected by eleventh amendment immunity. Treleven v. University of Minnesota, 73 F.3d 816, 819 (8th Cir. 1996) (holding University of Minnesota is an arm of the state, citing prior circuit decisions). The university was not appellant's employer for purposes of Title VII. Wilde v. County of Kandiyohi, 15 F.3d 103, 105-06 (8th Cir. 1994) (noting no significant difference between this circuit's hybrid test and common law test of employer-employee status). Appellant failed to make a prima facie case that she had been discharged on the basis of sex or marital status in violation of Title VII or the equal protection clause. Appellant did not have a constitutionally protected property interest in her employment as a "without compensation" employee under federal law, state law or the terms of the Department of Veterans Affairs appointment agreement. Cf. Woods v. Milner, 955 F.2d 436, 440 (6th Cir. 1992) (no protected property rights in position of temporary full-time employment where termination may occur at will). In the absence of any evidence of publication of the allegations of misconduct made against her in connection with her discharge, appellant failed to establish a constitutionally protected liberty interest in her reputation.

Appellant failed to establish that her discharge was arbitrary or capricious in violation of substantive due process.

Finally, the district court did not abuse its discretion in denying appellant's motion for partial summary judgment and petition for writ of mandamus even though federal defendant Mickelson did not file a cross-motion for summary judgment. See generally 10A Charles A. Wright et al., Federal Practice and Procedure § 2720, at 29-30 (2d ed. 1983 & Supp. 1996) (summary judgment may be rendered in favor of opposing party even though no formal cross-motion made).

Accordingly, we affirm the order of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.