15 F.3d 103
 63 Fair Empl.Prac.Cas. (BNA) 1167,
63 Empl. Prac. Dec. P 42,789
Caryn WILDE, Appellant,
v.
The COUNTY OF KANDIYOHI; Kandiyohi County Economic
Development Partnership, Inc., a Minnesota corporation;
Kandiyohi County Rural Development Finance Authority;
Wilton F. Croonquist, individually and in his capacity of
Executive Director of Kandiyohi County Rural Development
Finance Authority, Appellees.
 No. 93-1642.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 10, 1993.
Decided Jan. 27, 1994.
 
 Robert J. Zohlmann, New London, MN, argued, for appellant.
 James R. Andreen, Minneapolis, MN, argued, for appellee.
 Before FAGG and WOLLMAN, Circuit Judges, and VIETOR,* District Judge.
 FAGG, Circuit Judge.
 
 
 1
 Caryn Wilde owns small businesses that rent executive office space and provide secretarial services. Wilton Croonquist, the executive director of the Kandiyohi County Economic Development Partnership, Inc. and the Kandiyohi County Rural Development Finance Authority, rented office space from Wilde and used her secretarial services. Alleging Croonquist sexually harassed her at work, Wilde brought this action against Croonquist, the Partnership, the Authority, and the County of Kandiyohi (collectively the appellees) under Title VII of the Civil Rights Act of 1964. See 42 U.S.C. Secs. 2000e to 2000e-17 (1988 & Supp. III 1991). The district court concluded Wilde was not protected under Title VII because she was not an "employee" of the Partnership or the Authority within the meaning of the statute, and thus, the district court granted summary judgment in the appellees' favor on Wilde's Title VII claim. Wilde v. County of Kandiyohi, 811 F.Supp. 446, 451-53, 455 (D.Minn.1993). Wilde appeals and we affirm.
 
 
 2
 Title VII protects workers who are "employees," but does not protect independent contractors. See Spirides v. Reinhardt, 613 F.2d 826, 829-30 (D.C.Cir.1979). Title VII defines "employee" as "an individual employed by an employer." 42 U.S.C. Sec. 2000e(f) (Supp. III 1991). Given the absence of any helpful legislative guidance on the breadth of this circular definition, courts have developed tests to distinguish between employees and independent contractors for the purposes of Title VII.
 
 
 3
 Borrowing from interpretations of the term "employee" in the context of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. Secs. 201-219 (1988 & Supp. IV 1992), one federal appellate court examines the economic realities underlying the work relationship to decide whether the worker is likely to be susceptible to the discriminatory practices Title VII was designed to eliminate. Armbruster v. Quinn, 711 F.2d 1332, 1340, 1341 & n. 7 (6th Cir.1983). This test is based on the court's view that the statute should " 'be read in light of the mischief to be corrected and the end to be attained.' " Id. at 1340 (quoting NLRB v. Hearst Publications, 322 U.S. 111, 124, 64 S.Ct. 851, 857, 88 L.Ed. 1170 (1944)). Emphasizing the broad remedial goals of Title VII, the court extended "coverage to all those who are in a position to suffer the harm the statute is designed to prevent, unless specifically excluded." Id. at 1341.
 
 
 4
 Because Title VII and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Secs. 621-634 (1988 & Supp. IV 1992), do not include the FLSA's expansive definition of the term "employ," most courts have reasoned that application of the expansive economic realities test is unwarranted in discrimination cases brought under Title VII or the ADEA. Instead, nearly every appellate court has applied a test described as a hybrid of the common-law test and the economic realities test. Oestman v. National Farmers Union Ins. Co., 958 F.2d 303, 305 (10th Cir.1992); Mares v. Marsh, 777 F.2d 1066, 1067-68 & n. 2 (5th Cir.1985); Garrett v. Phillips Mills, Inc., 721 F.2d 979, 981-82 (4th Cir.1983); EEOC v. Zippo Mfg. Co., 713 F.2d 32, 37-38 (3d Cir.1983); Cobb v. Sun Papers, Inc., 673 F.2d 337, 340-41 (11th Cir.), cert. denied, 459 U.S. 874, 103 S.Ct. 163, 74 L.Ed.2d 135 (1982); Unger v. Consolidated Foods Corp., 657 F.2d 909, 915 n. 8 (7th Cir.1981), cert. denied, 460 U.S. 1102, 103 S.Ct. 1801, 76 L.Ed.2d 366, and cert. denied, 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983); Lutcher v. Musicians Union Local 47, 633 F.2d 880, 883 & n. 5 (9th Cir.1980); Spirides, 613 F.2d at 831-32. Under the hybrid test, the term "employee" is construed in light of general common-law concepts, taking into account the economic realities of the situation. Cobb, 673 F.2d at 340-41.
 
 
 5
 To decide whether a person is an employee or independent contractor under the common law of agency, the totality of the working relationship is examined. The Restatement provides a nonexhaustive list of factors for consideration. See Restatement (Second) of Agency Sec. 220(2) (1958). The hiring party's right to control the manner and means of the worker's product is an important, but not dispositive, factor. Id. comment i. Under the hybrid test, a court typically weighs the common-law factors listed in the Restatement and some additional factors related to the worker's economic situation, like how the work relationship may be terminated, whether the worker receives yearly leave, whether the worker accrues retirement benefits, and whether the hiring party pays social security taxes. See, e.g., Oestman, 958 F.2d at 305.
 
 
 6
 In deciding Wilde is not an employee of the Authority or the Partnership within the meaning of Title VII, the district court applied the hybrid test. Wilde asserts the district court should have applied the broader economic realities test of Armbruster. We disagree.
 
 
 7
 The Supreme Court recently stated that when a statute does not helpfully define the term "employee," courts should not imply a meaning that is broader than the common-law definition. Nationwide Mut. Ins. Co. v. Darden, --- U.S. ----, ---- - ----, 112 S.Ct. 1344, 1348-49, 117 L.Ed.2d 581 (1992) (adopting common-law test for deciding who qualifies as an "employee" under ERISA). The Supreme Court rejected the lower court's view that the term should be construed " 'in the light of the mischief to be corrected and the end to be attained [by the statute],' " id. --- U.S. at ----, 112 S.Ct. at 1349 (quoting Hearst, 322 U.S. at 124, 64 S.Ct. at 857), the same reasoning used to justify the economic realities test in Armbruster. The Supreme Court noted it had abandoned this view, and now presumes Congress intended a common-law definition for the term "employee" unless Congress clearly indicates otherwise. Id. Application of the economic realities test results in Title VII coverage for some common-law independent contractors because they are vulnerable to discrimination arising in the course of their work. Because the economic realities test is based on the premise that the term should be construed in light of Title VII's purpose and the construction is broader than at common law, Darden precludes the test's application.
 
 
 8
 In Darden, the Supreme Court summarized the common-law test as follows:
 
 
 9
 "In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party."
 
 
 10
 Id. --- U.S. at ----, 112 S.Ct. at 1348 (quoting Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751-52, 109 S.Ct. 2166, 2178-79, 104 L.Ed.2d 811 (1989)) (citing Restatement (Second) of Agency Sec. 220(2) (1958); Rev.Rul. 87-41, 1987-1 Cum.Bull. 296, 298-99). We see no significant difference between the hybrid test and the common-law test articulated by the Supreme Court in Darden. See id.; Cobb, 673 F.2d at 340-41; see also Frankel v. Bally, Inc., 987 F.2d 86, 90 (2d Cir.1993) (holding that common-law agency principles alone should be applied to decide whether a person is an employee under the ADEA, but hybrid test is practically the same as the common-law test). Under both tests, all aspects of the working relationship are considered. The Restatement's list of common-law factors used in both tests is nonexhaustive, and consideration of the additional economic factors does not broaden the traditional common-law test. Indeed, by adding employee benefit and tax treatment factors to the Restatement factors in its explanation of the common-law test, the Supreme Court recognized the common-law test encompasses economic factors. We thus conclude the district court applied the proper test to decide whether Wilde was an employee for the purposes of Title VII. See 811 F.Supp. at 451-52.
 
 
 11
 Wilde next contends that even under the hybrid test, she was an employee of the Partnership and Authority. Wilde contends the district court did not view the facts in the light most favorable to her when analyzing her working relationship. Wilde points out that Croonquist controlled and directed some of her duties, like drafting press releases, drafting grant and award applications, creating activity report forms, editing documents, speech writing, and consulting, and she could not delegate these duties to her employees.
 
 
 12
 In applying the hybrid test to the facts of this case, the district court recognized that the Partnership and Authority exercised some control over Wilde, but Wilde "maintained a great deal of freedom in choosing her working hours and choosing the services she would provide" to the Partnership and Authority. Id. at 452. The district court noted some of the other factors suggested Wilde was an employee, but concluded that, considering the working relationship as a whole, Wilde was a self-employed business owner who provided services to the Partnership and Authority as an independent contractor. Id. at 453. We have carefully considered the record in the light most favorable to Wilde and conclude the district court correctly analyzed the relevant factors and decided Wilde was not an employee of the Partnership or the Authority. See id. at 452-53. Thus, the district court properly granted summary judgment to the appellees on Wilde's Title VII claim.
 
 
 13
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa, sitting by designation