# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2294

_____

Keith Birchem,          *
         *
    Plaintiff - Appellant,  *
         *      Appeal from the United
States
    v.               * District Court for the
         * District of North Dakota.
Knights of Columbus;     *
Daniel N. Wentz,        *
         *
    Defendants - Appellees.    *

_____

Submitted:  February 13, 1997

Filed:       May 30, 1997

_____

Before MAGILL, BEAM, and LOKEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

Terminated insurance agent Keith Birchem appeals the dismissal of his claims for disability discrimination, breach of contract, retaliatory discharge, and intentional

infliction of emotional distress.  The district court[1] granted summary judgment primarily on the ground that Birchem was an independent contractor, not an employee. We affirm.

Knights of Columbus ("KOC") is a non-profit fraternal benefit society that offers life insurance and annuities to members of the Catholic Church.  Daniel N. Wentz is KOC's general insurance agent in eastern North Dakota. In July 1988, Wentz appointed Birchem a KOC field agent, granting him the exclusive right to sell KOC policies to members of four Catholic churches.  The appointment was reflected in a Field Agent Contract between KOC, Wentz, and Birchem.  The contract was renewed in 1990 and 1992.

During two of his years as a KOC field agent, Birchem was Wentz's lowest producer, and Birchem never placed better than sixth out of eight Wentz agents in overall performance.  Even in his best year, Birchem received a letter from KOC warning that his production had fallen below the minimum needed to retain pension and health benefits.  Two agents with performance histories similar to Birchem's resigned during this period.  In  the summer of 1992, Birchem began looking for a new position,

---

[1]The HONORABLE RODNEY S. WEBB, Chief Judge of the United States District Court for the District of North Dakota.

speaking with general agents for several other insurers and investigating the purchase of an independent agency.

That fall, the Wentz field agents attended a joint conference with KOC agents from Minnesota.  Birchem told other field agents that Wentz was encouraging agents

to engage in improper competitive practices. Birchem also said that he no longer wished to work for Wentz and was looking for another position. Wentz and Birchem met on October 12 to discuss Birchem's comments. Birchem told Wentz that he felt uncomfortable coming to the office and had lost all respect for Wentz because of his marketing practices. Wentz said that he felt that his relationship with Birchem was irretrievably damaged. In early November, Wentz told Birchem to resign or be fired. Birchem resigned on November 5 and began working for a competing insurer one month later.

Birchem filed this wrongful termination suit, claiming that he was constructively discharged in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112 ("ADA"), and the North Dakota Human Rights Act, N.D.C.C. § 14-02.4-03(i) ("NDHRA"), because Wentz would not accommodate Birchem's disability, bipolar disorder or manic depression. Birchem also asserted pendent claims for unlawful retaliation, because Birchem had accused Wentz of improper trade practices; breach of an oral contract not to terminate the written Field Agent Contract so long as Birchem met minimum production objectives; and intentional infliction of emotional distress.

At the close of discovery, KOC and Wentz moved for summary judgment. Both sides filed extensive fact submissions. At the motion hearing, the district court

raised an issue not briefed by the parties -- whether field agent Birchem was an employee or an independent contractor. The parties submitted additional fact materials on that issue, and the court then granted summary judgment in favor of both defendants. It concluded that Birchem was an independent contractor and therefore not protected by the ADA, the NDHRA, or the North Dakota public policy against retaliatory discharge

of a whistleblower.  Alternatively, the court concluded that Birchem has no evidence of a pretextual discharge. It dismissed his contract claim because the Field Agent Contract was terminable at will and may not be varied by Wentz's prior oral representations.  Finally, the court held that Birchem could not prove the "extreme and outrageous conduct" necessary for a claim of intentional infliction of emotional distress.  Birchem appeals each of those rulings.

## I. Birchem's ADA Claim.

**A. The Employee Issue.** Like Title VII, the ADA protects "employees" but not independent contractors. See Wilde v. County of Kandiyohi, 15 F.3d 103, 104 (8th Cir. 1994).  The Act defines an "employee" as "an individual employed by an employer."  42 U.S.C. § 12111(4).  When Congress uses this "completely circular" definition, courts apply the general common law of agency to distinguish between protected employees and unprotected independent contractors.  Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 & n.3 (1992).

In applying the common law of agency test, the Supreme Court looks at the large number of factors that define the parties' total contractual relationship, no one of which is determinative.  See Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751-53

(1989), followed in <u>Darden</u>, 503 U.S. at 323-324. The Court "typically weighs the common-law factors listed in the Restatement [(Second) of Agency § 220(2) (1958)] and some additional factors related to the worker's economic situation, like how the work relationship may be terminated, whether the worker receives yearly leave, whether the worker accrues retirement benefits, and whether the hiring party

pays social security taxes." Wilde, 15 F.3d at 105. We review the ultimate question of employment status *de novo*. See Berger Transfer & Storage v. Central States, S.E. & S.W. Areas Pension Fund, 85 F.3d 1374, 1378 (8th Cir. 1996).

We agree with the district court that Birchem and KOC had an independent contractor relationship. First, each Field Agent Contract expressly provided that "[n]othing contained in this Agreement shall be construed to create the relationship of employer and employee between" KOC and Birchem, KOC and Wentz, or Wentz and Birchem.[2] Second, the parties' financial relationship strongly suggests Birchem was an independent contractor. He was paid on a commission basis, KOC did not withhold income taxes from his commissions, and Birchem reported his KOC earnings as income of a self-employed individual for federal tax purposes. Third, the unrefuted affidavit of a Vice President in KOC's Agency Department averred that KOC does not control a field agent's daily activities. Finally, federal courts have consistently held that insurance agents are unprotected independent contractors, and Birchem has cited no contrary authority. See, e.g., Oestman v. National Farmers Union Ins. Co., 958 F.2d 303

---

[2]Consistent with this provision, the Contract permitted Birchem "to exercise independent judgment as to the eligible persons from whom applications for insurance will be solicited, and as to the time and place of such solicitation."

(10th Cir. 1992) (ADEA); <u>Knight v. United Farm Bureau Mut. Ins. Co.</u>, 950 F.2d 377 (7th Cir. 1991) (Title VII); <u>United States EEOC v. Catholic Knights Ins. Soc'y</u>, 915 F. Supp. 25 (N.D. Ill. 1996) (Title VII); <u>Robinson v. Bankers Life & Cas. Co.</u>, 899 F. Supp. 848 (D.N.H. 1995) (ADA). Although some aspects of KOC's relationship with its field agents would be consistent with employment, the balance of factors clearly supports the district court's independent contractor determination.

Birchem asserts his ADA claim against Wentz, as well as KOC. Because Wentz and his general agency were independent of KOC, Wentz might have been Birchem's employer even if KOC was not. An important factor in determining employee status is "[t]he hiring party's right to control the manner and means of the worker's product," that is, the extent to which Wentz directed and controlled Birchem's day-to-day activities as a KOC field agent. Wilde, 15 F.3d at 105. Birchem submitted an affidavit with supporting documents detailing Wentz's extensive day-to-day direction and control. Defendants submitted nothing from Wentz refuting these averrals, and Wentz's deposition is laced with language suggesting an employee relationship. The district court only addresszed the employee question from the perspective of Birchem's relationship with KOC. We conclude that the summary judgment record raises a genuine issue of material fact as to whether Birchem was Wentz's employee for ADA purposes. Thus, we must turn to the district court's alternative ground for granting summary judgment in favor of Wentz.

**B. The Pretext Issue.** In late 1991, when Birchem was diagnosed with bipolar disorder, he advised Wentz that he was taking lithium to stabilize his mood swings. Birchem continued to work and did not ask Wentz to accommodate this condition. However, he now argues that Wentz violated the ADA by taking adverse employment action

-10-

because of this disability.  Lacking direct evidence of disability discrimination, Birchem must avoid summary judgment on this claim by using the burden-shifting framework of <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993).  <u>See</u> <u>Price v. S-B Power Tool</u>, 75 F.3d 362, 364-65 (8th Cir.), <u>cert. denied</u>, 117 S. Ct. 274 (1996). The district court assumed that Birchem could make out a prima facie case under the ADA but concluded that he had no evidence that Wentz's nondiscriminatory business

reasons for demanding Birchem's resignation were a pretext for disability discrimination.  We agree.

Birchem alleges that Wentz's stated reasons for termination were that Birchem "could no longer be trusted" -- what Wentz called the irretrievable breakdown in their working relationship -- and because Birchem did not meet KOC's minimum production requirements after two years as a field agent.  These are business reasons having nothing to do with Birchem's alleged disability. As evidence of pretext, Birchem points to the fact that KOC renewed his Field Agent Contract in July 1992, and to the fact that Birchem ranked higher than two other Wentz field agents on certain KOC field agent reports. However, this is not evidence of pretext.  Moreover, if Birchem did have bona fide evidence of pretextual action by Wentz, it would tend to prove that Wentz fired Birchem because he complained of Wentz's improper trade practices, not because of Birchem's bipolar disorder. See Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1337 (8th Cir. 1996).  In these circumstances, the district court properly granted summary judgment dismissing Birchem's ADA claims against both KOC and Wentz.

## II. Birchem's Pendent Claims.
**A. The North Dakota Human Rights Act Claim**.  Under the NDHRA, "[i]t is a discriminatory practice for an

employer to . . . discharge an employee . . . because of . . . physical or mental disability." N.D.C.C. § 14-02.4-03. "'Employee' means a person who performs services for an employer, who employs one or more individuals, for compensation, whether in the form of wages, salaries, commission, or otherwise." N.D.C.C. § 14-02.4-02(5). In construing this statute, the Supreme Court of North

Dakota generally follows federal court decisions under analogous federal anti-discrimination statutes.  <u>See</u> <u>Schumacher v. North Dakota Hosp. Ass'n</u>, 528 N.W.2d 374 (N.D. 1995); <u>Moses v. Burleigh County</u>, 438 N.W.2d 186 (N.D. 1989).  Birchem cites no authority suggesting that the Court would construe the NDHRA as protecting independent contractors or would decline to apply the common law agency test in distinguishing between employees and independent contractors.  Therefore, the district court's grant of summary judgment dismissing this claim against KOC is affirmed.

However, as we have explained, Wentz is not entitled to  summary judgment on the employee question, and when we turn to the district court's alternative ground of no pretext, we confront a problem in applying state law.  In <u>Schweigert v. Provident Life Ins. Co.</u>, 503 N.W.2d 225, 227-29 (N.D. 1993), the Supreme Court of North Dakota declined to follow <u>St. Mary's Honor Center v. Hicks</u>, holding instead that proof of plaintiff's prima facie case under the NDHRA shifts to defendant the burden to prove it did not engage in the alleged employment discrimination.  Proof of pretext, in other words, is not part of the NDHRA plaintiff's summary judgment burden.

"In most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state claims are

-14-

dismissed wihout prejudice to avoid '[n]eedless decisions of state law . . . as a matter of comity and to promote justice between the parties.'" <u>Ivy v. Kimbrough</u>, No. 96-1417, slip op. at 4-5 (8th Cir. May 22, 1997), quoting <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966). Because discovery was completed and the case ready for trial, the district court did not abuse its discretion in taking up and granting summary judgment on issues of state law on which there was little basis for dispute. But we

have now encountered novel issues under the NDHRA that may require trial and therefore conclude that Birchem's NDHRA claim against Wentz should be dismissed without prejudice.[3]

**B. The Retaliation Claim.** Under North Dakota law (and the law of most other States), an employer may not discharge even an at-will employee for reasons contrary to a clear public policy evidenced by a constitutional or statutory provision. Ressler v. Humane Soc'y, 480 N.W.2d 429, 431-32 (N.D. 1992); Krein v. Marian Manor Nursing Home, 415 N.W.2d 793, 795 (N.D. 1987). We are unaware of any decision that has extended this doctrine to include independent contractors. See McNeill v. Security Benefit Life Ins. Co., 28 F.3d 891, 893 (8th Cir. 1994) (considering a similar claim under Arkansas law). Birchem conceded in the district court that his retaliation claim fails if he was an independent contractor. Thus, the district court correctly dismissed

---

[3]If Birchem had avoided summary judgment on his ADA claim against Wentz, it is difficult to envision how that claim could be tried to a jury consistent with Hicks along with a pendent NDHRA claim in which the jury must be instructed that defendant has the burden of proof. Thus, in future cases, if a North Dakota employment discrimination plaintiff is entitled to a jury trial on his or her federal claim(s), the federal court should consider dismissing any pendent or supplemental claims under the NDHRA before trial. See 28 U.S.C. § 1367(c)(4). Of course, to avoid this quandary, North Dakota plaintiffs are free to assert claims only under the state statute in state court, or in federal court if there is diversity jurisdiction.

Birchem's retaliation claim against KOC.[4] However, because the employee

<hr>

[4]This decision is buttressed by N.D.C.C. § 34-01-20(1), a 1993 statute that codified the public policy exception but expressly limited its protections to employees.

issue is unresolved as to Wentz, Birchem's pendent retaliation claim against Wentz should have been dismissed without prejudice.

**C. The Breach of Contract Claim.** The document defining KOC's production requirements for field agents states that, "Field Agents who, after their second year, have produced less than the $10,000 [requirement] and a minimum of 50 life sales to members, for two consecutive years, will be terminated by their General Agent." Birchem alleges (i) that he met this minimum requirement; (ii) that Wentz terminated Birchem for production deficiencies; and (iii) that Wentz therefore breached an oral promise, made when recruiting Birchem, that the Field Agent Contract would not be terminated so long as Birchem met his minimum production requirements.

The Field Agent Contract expressly provided that it may "be terminated by any of the three parties, for any reason, at any time by mailing written notice to the last known address of the other two parties." Under North Dakota law, "[t]he execution of a contract in writing . . . supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." N.D.C.C. § 9-06-07. Thus, we agree with the district court that the express language of the Field Agent contract is controlling and may not be altered by any prior oral assurances. See

Hillesland v. Federal Land Bank Ass'n, 407 N.W.2d 206, 211 (N.D. 1987); Wadeson v. American Family Mut. Ins. Co., 343 N.W.2d 367, 371 (N.D. 1984). Summary judgment was proper for both defendants.

**D. Intentional Infliction of Emotional Distress.** Birchem argues that the district court erred in dismissing his claim for intentional infliction of emotional

distress. Under North Dakota law, this cause of action is "narrowly limited to outrageous conduct which exceeds all possible bounds of decency." Muchow v. Lindblad, 435 N.W.2d 918, 924 (N.D. 1989). We agree with the district court that Wentz's conduct in this case falls far short of the discriminatory harassment inflicted upon a female office manager in Swenson v. Northern Crop Ins., Inc., 498 N.W.2d 174 (N.D. 1993). Even if Wentz confronted Birchem and forced his resignation in part to stem Birchem's outspoken criticism, this conduct does not "exceed all possible bounds of decency."

The case is remanded to the district court with instructions to modify its final judgment so as to dismiss Birchem's NDHRA and retaliation claims against Wentz without prejudice. As so modified, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.