# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 97-2833

———————

Cara Lindquist,

      Appellant,

v.

Alan Condra and Hormel
Foods Corporation,

      Appellees.

\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.

\*    [UNPUBLISHED]

———————

Submitted: March 13, 1998
Filed: July 6, 1998

———————

Before WOLLMAN and HANSEN, Circuit Judges, and GOLDBERG,[1] District Judge.

———————

PER CURIAM.

Cara Lindquist appeals from an order of the district court[2] granting summary judgment in favor of Alan Condra and Hormel Foods Corporation in this sexual harassment and sex discrimination action. Because the district court found that

———

[1]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

Lindquist was not an employee of Hormel, but instead an independent contractor, it concluded that Lindquist was not entitled to sue under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq. (1994) ("Title VII"). On appeal, Lindquist argues that the district court ignored the extent to which Hormel controlled the means and the manner of her work performance, and in doing so committed reversible error. We affirm the judgment of the district court.

Lindquist's professional relationship with Hormel began while she was fully employed at QTV Productions, a department of KSMQ-TV in Austin, Minnesota. At some point during her tenure at QTV Productions, Hormel hired QTV Productions to help produce certain internal training and product information videotapes. QTV Productions staffed Lindquist on approximately eight of these projects. It was in this context that Lindquist first began to work with Condra. At that time, Condra was the supervisor of Hormel's Audio-Visual Services Department. Part of his job responsibilities included deciding when outside assistance was needed for a videotape project and, if needed, which independent contractor would be used.

In April 1994, Lindquist resigned from her position at QTV Productions. However, she continued to work intermittently on a free-lance basis for Hormel until November 1995. During this period of roughly 600 days, Lindquist worked on ten projects which were completed over a total of twenty-eight days. She billed Hormel on a purchase order/invoice basis for each day of work or travel. Between July 1994 and April 1995, Lindquist was also a full-time employee at KAAL-TV in Austin, Minnesota.

In October 1993, while Lindquist was still employed at QTV Productions, Condra and Lindquist began a sexual relationship. The nature of this relationship is in dispute. While Condra describes it as consensual, Lindquist characterizes it as sexual harassment. The relationship ended in October 1995. Subsequently, Lindquist was not chosen to work on a project for Hormel in which she had expressed interest. She

responded by filing this suit in the district court. Her complaint raises both federal and state law claims and seeks the recovery of punitive damages. Specifically she alleges that she was the victim of sexual harassment and sexual discrimination in violation of both Title VII and the Minnesota Human Rights Act, Minn. Stat. §363.03, Subds. 1(2)(c) and 14, and that she was the victim of assault and battery.

Hormel moved for summary judgment on all claims, arguing that it was not liable to Lindquist for sexual discrimination under Title VII because she was never an employee of Hormel; she was an independent contractor . The district court agreed. It granted summary judgment on the Title VII claim and declined to exercise jurisdiction over the remaining state law claims, dismissing them without prejudice. This appeal ensued.

Title VII only protects those workers who are also employees from discriminatory employment practices in the workplace. Wilde v. County of Kandiyohi, 15 F.3d 103, 104 (8th Cir. 1994). Its protections do not extend to independent contractors. Id. We determine whether an individual is a protected employee or an unprotected independent contractor by examining the working relationship using the common law of agency. Id. at 105. In so doing, we consider a number of factors, none of which alone is dispositive. These factors include the "employer's" right to control the means and manner of worker performance; the kind of occupation, with reference to whether the work is usually done under the direction of a supervisor or is done by a specialist without supervision; the skill required in the particular occupation; whether the "employer" or the individual furnishes the equipment used and the place of work; the method of payment, whether by time or by the job; the manner in which the work relationship is terminated; whether annual leave is afforded; whether the work is an integral part of the business of the "employer"; whether the individual accrues retirement benefits; whether the "employer" pays social security taxes; and the intent of the parties. Wilde v. County of Kandiyohi, 811 F. Supp. 446, 451-52 (D. Minn.1993), aff'd, 15 F.3d 103. We review the district court's determination that

Lindquist is an independent contractor de novo. Birchem v. Knights of Coumbus, 116 F.3d 310, 313 (8th Cir. 1997).

On appeal, Lindquist argues that the district court's assessment of a number of these factors was faulty. In particular, she asserts that, at the very least, there is a genuine issue of material fact regarding her employment status at Hormel because her work for Hormel was menial and closely supervised by Condra; the equipment that she used to complete the projects was provided by Hormel; the subject matter and location of the projects were chosen by Hormel; and her perception of the working relationship was that of employer/employee.

After reviewing the record and considering it in the light most favorable to Lindquist, we cannot agree. As noted above, Lindquist began working for Hormel indirectly through her employment at QTV Productions. After she resigned from QTV Productions, she continued to work for Hormel intermittently on a project-by-project basis from April 1994 to November 1995. Over this 1 ½ -year period, Lindquist was paid for twenty-eight days of work. She was paid on a purchase order/ invoice basis at a flat rate of $400 per day. If the day ran over ten hours, she received an additional $55 per hour. For each day spent traveling to and from a project location, she charged $200. Lindquist submitted the invoices on her own stationary. Hormel paid her by check and, importantly did not withhold federal, state, or FICA taxes from her earnings. Lindquist never accrued any annual leave or retirement benefits, nor did she received health insurance, life insurance, unemployment insurance, or sick leave.

Moreover, there was never an agreement, either written or oral, between Lindquist and Hormel that obligated Hormel to hire Lindquist to work on projects requiring outside assistance. Likewise, Lindquist herself was under no obligation to work on any projects for Hormel. Furthermore, these video projects were ancillary to Hormel's business as a meat manufacturer and distributor. Finally, at no point during

her working relationship did Lindquist ever submit a copy of her resume, complete a job application form, or receive a performance evaluation.

In light of these circumstances, we find Lindquist's arguments to be anemic. The evidence regarding the nature of Lindquist's work for Hormel and the level of supervision exercised by Condra is murky, at best. Furthermore, although it is clear that Hormel provided the equipment for Lindquist to use, and chose both the location and subject matter of each project, we are unpersuaded that this alone demonstrates that Lindquist was Hormel's employee. Finally, apart from her deposition statements that she considered herself to be a Hormel employee, Lindquist has not adduced any evidence to suggest that Hormel and Lindquist intended to create an employee/employer relationship. The district court properly addressed and rejected this contention.

Having considered all of the arguments by Lindquist and finding them to be without merit, we affirm the district court's order granting summary judgment in favor of Condra and Hormel.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.