# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1362WM

_____

Hoover Case,                                    *
                                                *
                    Appellant,                  *
                                                *   Appeal from the United States
            v.                                  *   District Court for the Western
                                                *   District of Missouri.
ADT Automotive, Inc., doing business            *
as Metro Auto Auction of Kansas City,           *        [UNPUBLISHED]
Inc.,                                           *
                                                *
                    Appellee.                   *

_____

Submitted:  September 22, 1998
Filed:  September 30, 1998

_____

Before McMILLIAN, HEANEY, and FAGG, Circuit Judges.

_____

PER CURIAM.


Hoover Case is an auctioneer who provided his services to ADT Automotive, Inc., doing business as Metro Auto Auction of Kansas City, Inc., (ADT) until he became partially paralyzed and was confined to a wheelchair.  When ADT refused to build a ramp so Case could reach the auction blocks and continue working for ADT, Case sued ADT under the Americans with Disabilities Act, 42 U.S.C. § 12112 (1994) (ADA), and the Missouri Human Rights Act, Mo. Ann. Stat. § 213.055 (West 1996)

(MHRA). The district court granted summary judgment for ADT, reasoning Case was an independent contractor and thus not covered under either the ADA or the MHRA. See Birchem v. Knights of Columbus, 116 F.3d 310, 312 (8th Cir. 1997) (holding ADA does not protect independent contractors); Lenhardt v. Basic Inst. of Tech., Inc., 55 F.3d 377, 380 (8th Cir. 1995) (construing MHRA in conformity with federal decisions addressing federal employment discrimination laws). Case appeals.

We review de novo the district court's grant of summary judgment and affirm only when the record presents no genuine issue of material fact and the prevailing party is entitled to judgment as a matter of law. See Lenhardt, 55 F.3d at 379. We also review de novo the district court's decision that Case was an independent contractor and, in doing so, apply the general common law of agency to distinguish between protected employees and unprotected independent contractors. See Birchem, 116 F.3d at 312-13. After carefully reviewing the record and the parties' briefs, we conclude the district court did not commit error in granting summary judgment to ADT. Accordingly, we affirm the district court's judgment for the reasons set forth in its opinion. We grant Case's motion to strike ADT's counterdesignation of the joint appendix. See 8th Cir. R. 30A(c).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.