# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3782

_____

| | | |
|---|---|---|
| American Civil Liberties Union, on behalf of its member, Scott Weiner, | * * * | |
| Appellee, | * * | |
| v. | * * | |
| City of Florissant; James J. Eagan, Mayor, in his official capacity as Mayor of the City of Florissant, | * * * | |
| Appellants. | * * * * * | Appeal from the United States District Court for the Eastern District of Missouri. |
| The National Legal Foundation; Rutherford Institute, | * * * | |
| Amicus on Behalf of Appellant, | * * | |
| Americans United for Separation of Church and State; Anti-Defamation League; American Jewish Congress; The Baptist Joint Committee on Public Affairs, | * * * * * * | |
| Amicus on Behalf of Appellee. | * | |

_____

Submitted: May 14, 1999

Filed: August 16, 1999
_____

Before WOLLMAN, Chief Judge, BEAM, and MURPHY, Circuit Judges.
_____

BEAM, Circuit Judge.

The City of Florissant appeals a declaratory judgment and permanent injunction enjoining the City and the Mayor "from erecting any display containing a crèche or other religious symbols at the Florissant Civic Center or any other public property." The district court found that the holiday display erected by the City at the Civic Center violated the Establishment Clause of the First Amendment to the United States Constitution, and the Missouri Constitution, Mo. Const. art. I, § 7. We reverse and remand.

## I.    BACKGROUND

In November and December 1997, the City of Florissant, Missouri, erected a display at the City Civic Center.[1] The display contained many holiday decorations and objects and was located in the small courtyard just in front of the main entrance. The most prominent piece of the display covered the portico to the main entrance. Large letters, extending four feet by forty-three feet, spelled out "Seasons Greetings."

_____

[1]We consider the display as it existed when the lawsuit was filed. The City stipulated that it would erect a similar display in subsequent years.

The display in the front courtyard of the Civic Center was split by a sidewalk and a short set of stairs that led to the main entrance. To the right of the sidewalk as one approached the main entrance was a crèche depicting the birth of Jesus of Nazareth. The crèche consisted of a roofed stable, bales of hay, three dimensional figures of the three wise men, two kneeling camels, Mary, Joseph, and the infant Jesus in a manger. Nearby was a cut-out lamb and donkey in front of a five-foot-tall arch bearing the words "Joy to the World" with an eight pointed star at the top. Also to the right of the main entrance and nearby the crèche were: three three-foot-tall cut-out candy canes, with a three-foot-tall decorated Christmas tree, and four wrapped gifts; and two cut-out gift boxes next to a three dimensional, four-foot-tall, snowman.

In the courtyard opposite the crèche, and just to the left of the main entrance as one approached on the sidewalk and stairs were: two five-and-one-half-foot-tall reindeer with red ribbons around their necks; a six-foot-tall cut-out Santa Claus along with a sack of presents, a four-and-one-half-foot-tall cut-out reindeer, and a three-foot-tall cut-out candy cane. A large painted sign stood adjacent to the stairs in front of the main entrance and read "SEASONS GREETiNGS" in large letters, with "CITY OF FLORISSANT" appearing below in smaller letters. The "i" in "GREETiNGS" of the sign was topped by a five-pointed yellow star. Two five-and-one-half-foot-tall striped candy canes flanked the painted sign, and a wreath, eight feet in diameter, hung along the other side of the stairway. Ten cut-out candy canes and five cut-out lollipops were placed at the perimeter of the display, and garland was wrapped around tree trunks, stair railings, and fence chains.

Hung from light poles on the road leading to the Civic Center were seven banners, three-feet by six-feet. "Joy-Love-Peace-Seasons-Greeting" appeared on five of the banners and "Happy Holidays" on the remaining two. Two decorated Christmas trees, seven feet tall, were placed inside the Civic Center itself, which during the holiday season hosted a holiday craft show, a snack with Santa Claus, and a house

decorating contest. All items in the courtyard display were purchased, stored, assembled, and maintained by City tax dollars.

Scott Weiner, a Florissant resident, lives near the Civic Center and observed the display in December 1997. Weiner is not a member of the Christian faith and was offended by the crèche as part of the holiday display. After the ACLU wrote a letter to the City complaining about the crèche, they filed suit on Weiner's behalf on December 19, 1997. The complaint alleges that the display violates the First and Fourteenth Amendments of the United States Constitution, as well as Article I, Section 7 of the Missouri Constitution, and seeks declaratory and injunctive relief. The Missouri Constitutional claim was joined under the district court's supplemental jurisdiction. See 28 U.S.C. § 1367.

## II.    DISCUSSION

The district court considered the matter on stipulated facts and we review de novo whether the seasonal display violates the United States Constitution or the Missouri Constitution. See Spiritual Outreach Soc'y v. Commissioner of Internal Revenue, 927 F.2d 335, 337-38 (8th Cir. 1991). We begin with the federal constitution. The ACLU argues that the display violates the Establishment Clause of the First Amendment as an impermissible government endorsement of religion.

Governmental action that touches upon religion is permissible under the Establishment Clause of the First Amendment if it has "a secular purpose," does not "have the primary or principal effect of advancing religion," and does not "foster an excessive entanglement with religion." Good News/Good Sports Club v. School Dist. of Ladue, 28 F.3d 1501, 1508 (8th Cir. 1994). In implementing these tests, the Supreme Court has "'paid particularly close attention to whether the challenged

governmental practice either has the purpose or effect of "endorsing" religion.'"[2] <u>Stark v. Independent Sch. Dist., No. 640</u>, 123 F.3d 1068, 1077 (8th Cir. 1997) (quoting <u>County of Allegheny v. ACLU</u>, 492 U.S. 573, 592 (1989)).

In <u>County of Allegheny v. ACLU</u>, 492 U.S. 573 (1989), the Supreme Court analyzed two different holiday displays under the Establishment Clause. To answer whether the displays impermissibly endorsed religion, the Court looked to see if the endorsement effect of the religious symbol was negated by its setting. A setting that negates the endorsement effect includes things such as the location and surrounding objects. <u>See</u> <u>Allegheny</u>, 492 U.S. at 598-600. We view <u>Allegheny</u> as controlling here.

The first holiday display analyzed in <u>Allegheny</u> contained a crèche that stood alone as the "single element of the display." Furthermore, it was located on the "Grand Staircase" of the "'main' and 'most beautiful part' of the building that is the seat of county government." <u>Id.</u> at 598 & 599. The display was therefore held to be unconstitutional. In contrast, the Florissant display contained numerous "secular" holiday objects and decorations. Additionally, it was located at the Civic Center and not the seat of government. Thus, the setting of the Florissant display was dissimilar to the first holiday display analyzed in <u>Allegheny</u>.

If the <u>Allegheny</u> Court's analysis of the first holiday display was not enough to convince us, the result concerning the second display is. The second display analyzed in <u>Allegheny</u> consisted of a Chanukah menorah in front of the City-County Building. The menorah, a religious symbol, stood next to a Christmas tree and a sign saluting

---

[2]The effect, not the purpose, is in question. The parties stipulated that testimony would be given that the display was erected to "promote the spirit of goodwill, cheer, and peace connected to the holiday season," and that "there was never a purpose to endorse religious beliefs or offend users of the Civic Center." <u>ACLU v. City of Florissant</u>, 17 F. Supp.2d 1068, 1071 (E.D. Mo. 1998).

liberty. See id. at 613-14. A majority of the Court, although without a unified analysis, agreed that the menorah display did not violate the Establishment Clause. We view the Florissant holiday display as no greater an endorsement of religion than the menorah display in Allegheny, and therefore find no violation of the Establishment Clause.

The sole remaining issue is whether the Florissant display violates the Missouri Constitution.[3] Relying on three cases,[4] the district court found that the Missouri Constitution was violated and issued, by its own words, a "very broad injunction," enjoining the City and the Mayor from "erecting any display containing a crèche or other religious symbols at the Florissant Civic Center or any other public property." Based upon the reasoning of the Supreme Court in Allegheny, we are inclined to disagree with this conclusion. However, we note that the Missouri Supreme Court has not had occasion to address the application of Article I, Section 7 of the Missouri Constitution to holiday displays.

Because the injunction was issued on the basis of a violation of both the federal and state constitutions, and in view of our remand for dismissal of the federal constitutional claim, we also remand the state constitutional claim for further

_____

[3]The Missouri Constitution provides in part:

no money shall ever be taken from the public treasury, directly or indirectly, in aid of any church, sect or denomination of religion . . . and that no preference shall be given to nor any discrimination made against any church, sect or creed of religion, or any form of religious faith or worship.

Mo. Const. art. I, § 7.

[4]The district court relied on Paster v. Tussey, 512 S.W.2d 97 (Mo. 1974) (en banc), Americans United v. Rogers, 538 S.W.2d 711(Mo. 1976) (en banc), and Harfst v. Hoegen, 163 S.W.2d 609 (Mo. 1941) (adopted en banc July 13, 1942).

-6-

consideration by the district court. In doing so, we observe that the district court has ample discretion to dismiss "novel or complex issue[s] of State law." 28 U.S.C. § 1367(c)(1). Indeed, when state and federal claims are joined and all federal claims are dismissed on a motion for summary judgment, the state claims are ordinarily "dismissed without prejudice to avoid '[n]eedless decisions of state law . . . as a matter of comity.'" Birchem v. Knights of Columbus, 116 F.3d 310, 314 (8th Cir. 1997) (quoting Ivy v. Kimbrough, 115 F.3d 550, 553 (8th Cir. 1997)). It may be that the district court will find that comity favors allowing the Missouri courts to resolve this complex, yet unanswered, question of state constitutional law.

## III.   CONCLUSION

For the foregoing reasons, we reverse and remand to the district court for entry of judgment in favor of the City on the federal constitutional claim and for further proceedings on the Missouri constitutional claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-