# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2818

_____

Lynette Murphy,                     *

                               *

           Appellant,         *

                               *   Appeal from the United States

   v.                         *   District Court for the

                               *   Eastern District of Missouri.

St. Louis University,       *

                               *   [UNPUBLISHED]

           Appellee.          *

_____

Submitted: January 27, 2012
Filed: February 6, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Lynette Murphy appeals from the adverse judgment entered by the district court in her employment-discrimination action. Upon careful de novo review, we conclude--for the reasons stated by the district court--that Murphy's claims under Title VII and the Age Discrimination in Employment Act were properly dismissed, and that summary judgment was properly granted on her claims under 42 U.S.C. § 1981. See Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 514 (8th Cir. 2011) (grant of summary judgment reviewed de novo); Detroit Gen. Ret. Sys. v. Medtronic, Inc., 621 F.3d 800, 804-05 (8th Cir. 2010) (Fed. R. Civ. P. 12(b)(6) dismissal reviewed de novo). Accordingly, we affirm the judgment of the district court as to her federal claims. See 8th Cir. R. 47B. However, as to Murphy's claims under the

Missouri Human Rights Act (MHRA), we conclude that the district court should have dismissed those claims rather than addressing them on the merits, because we are uncertain as to how Missouri courts would view those claims.  See EEOC v. Con-Way Freight, 622 F.3d 933, 938 (8th Cir. 2010) (noting that Missouri Supreme Court has observed that MHRA's safeguards are not identical to federal standards and can offer greater discrimination protection; because this court was "unsure how Missouri courts would view MHRA claim," vacating grant of summary judgment on state-law claim (over which district court had exercised supplemental jurisdiction) and remanding for dismissal without prejudice).  Accordingly, we remand the case to the district court, with instructions to modify the judgment to dismiss those claims without prejudice. See Gregory v. Dillard's, Inc., 565 F.3d 464, 477 (8th Cir. 2009) (en banc) (where district court properly dismissed federal claims, remanding case with directions to modify final judgment to dismiss claims under MHRA without prejudice so they might be decided by courts of Missouri); Birchem v. Knights of Columbus, 116 F.3d 310, 314 (8th Cir. 1997) (in most cases when federal and state claims are joined and federal claims are dismissed on motion for summary judgment, pendent state claims are dismissed without prejudice to avoid needless decisions of state law as matter of comity and to promote justice between parties).

_____