Steven TATE, Plaintiff, Appellant,

v.

ROBBINS & MYERS, INC., Defendant, Appellee.

No. 85–1903.

United States Court of Appeals, First Circuit.

Argued March 3, 1986.

Decided May 7, 1986.

Stephen R. Fine with whom Charles A. Meade and Stephen R. Fine & Associates, P.A., Manchester, N.H., were on brief, for plaintiff, appellant.

Steven E. Hengen with whom Ransmeier & Spellman, Concord, N.H., was on brief, for defendant, appellee.

Before COFFIN and BREYER, Circuit Judges, and MALETZ,* Senior Judge.

COFFIN, Circuit Judge.

This appeal follows a jury verdict for the defendant-appellee Robbins & Myers in the federal district court for the District of New Hampshire. Steven Tate, plaintiff-appellant, claims prejudicial error from the district court's refusal to admit certain evidence. We find that the district court's decision to exclude this evidence was well within its discretion.

Robbins & Myers manufactured an electric industrial hoist in 1943 for shipment to the Philadelphia Navy Yard. The hoist contained an upper limit switch, which prevented the hook on the hoist cable from rising too far. The hoist also contained a reversing function, designed to automatically lower the load being lifted by the hoist in the event the upper limit switch failed.

There was no evidence as to the hoist's whereabouts from 1943 until 1976, at which point appellant's employer, Concrete Systems, purchased the hoist from New England Manufacturing, a now defunct business and a defaulted defendant in this case. The hoist had been rebuilt, and contained mechanical parts from the original 1943 hoist as well as parts from a second hoist manufactured by appellee after 1943. The circuitry for the reversing function had been removed.

While using the hoist to lift a heavy concrete form, appellant was injured when the limit switch failed to stop the upward motion of the hoist, thus causing the cable to snap and the concrete form to fall on appellant's foot. Appellant sued Robbins & Myers, claiming first that the literature accompanying the hoist in 1943 inadequately warned users about the reversing function of the upper limit switch, and second that Robbins & Myers breached a continuing duty to warn by failing to provide Concrete Systems with revised literature, a 1980 Manual, which explicitly identified the reversing element of the switch.

Robbins & Myers defended by arguing, *inter alia,* that the original literature provided adequate warnings, and that it had no continuing duty to warn Concrete Systems because Robbins & Myers did not know that Concrete Systems possessed the 1943 hoist. On the basis of this latter argument, Robbins & Myers successfully objected to the admission into evidence of the 1980 Manual. The jury found for the defendant and the district court denied appellant's motion for a new trial. Appellant now challenges the district court's decision not to admit the 1980 Manual into evidence, claiming it was relevant to both of his theories of liability. We address each argument separately below.

■ Appellant argues that the district court erred in not admitting the 1980 Manual because it was relevant to the claim that defendant breached a continuing duty to warn. Appellant states that the 1980 Manual was the only available evidence of post-sale recognition by Robbins & Myers of the inadequacy of its original literature.

Federal Rule of Evidence 104(b) provides that "[w]hen the relevancy of evidence depends on the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition". In this case, the relevancy of the 1980 Manual to the continuing duty to warn theory depended on evidence

* Of the United States Court of International Trade, sitting by designation.

showing that Robbins & Myers knew that Concrete Systems possessed the 1943 hoist. Without such evidence, there would be no basis for admitting the 1980 Manual into evidence.

The only evidence offered by appellant to establish Robbins & Myers's knowledge was the testimony of Albert Coutourier, the president of Concrete Systems. In essence, Coutourier testified that he assumed he telephoned Robbins & Myers when he bought the hoist. He based his assumption on the fact that he had a spare parts bulletin in his file from Robbins & Myers. But he conceded that he had no specific recollection of telephoning Robbins & Myers. Even if his testimony could support a finding that he telephoned Robbins & Myers, it could not provide a basis for finding that he notified Robbins & Myers of his purchase of its 1943 hoist. Coutourier did not testify that he informed Robbins & Myers that he purchased the 1943 hoist. In fact, the manual in his file was not for the 1943 hoist but for equipment manufactured by Robbins & Myers in the late 1940's or early 1950's.

Coutourier's testimony does not provide a sufficient basis for finding that he notified Robbins & Myers of his purchase of the 1943 hoist. Without sufficient evidence to support that factual condition, the 1980 Manual was irrelevant to appellant's continuing duty to warn theory.[1] The district court acted well within its discretion in deciding that Coutourier's testimony was insufficient under Federal Rule of Evidence 104 to support a finding that Robbins & Myers received notice of Concrete Systems's purchase of the 1943 hoist. *See United States v. McNeill,* 728 F.2d 5, 12 (1st Cir.1984); *see also* 1 Weinstein *Evidence,* § 104[09], at 104–72 (1985 ed.).

◼ Appellant next argues that the manual should have been admitted because it was relevant to his claim that in 1943 Robbins & Myers failed to adequately warn of hazards in the use of the hoist. The origi-

nal literature accompanying the hoist did not explicitly mention the existence of the reversing portion of the upper limit switch, but did include a wiring diagram that clearly disclosed the existence of the reversing element. Appellant argues that the 1980 Manual explicitly referring to the reversing element would have supported his claim that the original literature was inadequate.

Robbins & Myers correctly points out that at trial appellant's only purpose in seeking to admit the manual was to support his theory that the defendant breached a continuing duty to warn by not providing Concrete Systems with the manual. Robbins & Myers states that appellant waived his argument that the manual was also relevant to the 1943 negligence claim because at no time during trial did appellant seek to introduce the manual on that ground.

◼ A party may not claim error on appeal in the exclusion of evidence unless the district court was told not only what the party intended to prove but also for what purpose. *See, e.g.,* 1 Weinstein *Evidence,* § 103[03], at 103–33 (1985 ed.) ("In making an offer of proof counsel must be careful to articulate every purpose for which the evidence is admissible; a purpose not identified at the trial level will not provide a basis for reversal on appeal."). Thus, if evidence is excluded because it is inadmissible for its only articulated purpose, the proponent of the evidence cannot challenge the ruling on appeal on the ground that the evidence "could have been rightly admitted for another purpose." McCormick, *Evidence* § 51, at 112 (1972).

At no point during trial did appellant offer the manual as support for his claim that the defendant was negligent in 1943. Appellant sought to have the manual admitted into evidence on four separate occasions. Each time, appellant indicated to the court that the theory upon which he was offering the evidence was its relevance

---

1. Had Coutourier testified that he remembered contacting Robbins & Myers and informing it that he had obtained the 1943 hoist, the question

of the relevancy of the 1980 Manual would have been for the jury.

to his claim that the defendant breached its continuing duty to warn by having failed to send the manual to Concrete Systems.[2] Not once did appellant argue to the court that the manual was being offered to support his claim that the defendant was negligent in 1943.

The district court excluded the manual because it determined that appellant had not established a proper foundation to support his theory of a continuing duty to warn. The trial court never considered whether the manual was relevant to appellant's theory of negligence in 1943 because appellant never offered the manual for that purpose. Thus, the issue is waived.

At oral argument, appellant stated that if we were to find waiver in this case, we would have to overrule our decision in *Robbins v. Whelan*, 653 F.2d 47 (1st Cir.1981). We disagree. In *Robbins*, a negligence case arising out of an automobile accident, we found error in the district court's decision to exclude a report on the braking time for the kind of car driven by the defendants. The district court excluded the report under the assumption that it was offered as bearing on inadequate brakes, a factor that clearly was not at issue in the case. After reviewing the trial transcript, we determined that in seeking to admit the report "appellant was referring, none too succinctly, to use of the report as an indirect means of calculating the Mercedes' speed prior to braking." *Id.* at 49 n. 1. The report was therefore relevant to an issue in the case because it would have supported an inference that the defendant was driving faster than he claimed he was driving. *Id.* at 49.

In contrast to *Robbins*, where, as we held, the trial court misinterpreted counsel's articulated offer, the trial court here understood counsel's expressed theory of admissibility perfectly well. Appellant never referred, succinctly or not, to the use of the manual to show negligence in 1943, and

we will not consider that question for the first time on appeal.

For the reasons discussed above, *the decision of the district court is affirmed.*

---

**2.** Each time appellant sought to admit the manual, Robbins & Myers opposed its admission on the basis of an insufficient foundation, that is, that the jury could not find that Robbins & Myers knew that Concrete Systems possessed the 1943 hoist. An insufficient foundation objection would have had no bearing had the manual been offered to support the 1943 negligence theory.