Bob J. SETTLE, Appellant,

v.

Mickie ROSS, Individually & in her official capacity as a Lt. for the Missouri Department of Corrections; Katherine Finley, Individually & in her official capacity as a Sgt. for the Missouri Department of Corrections; Tim Hugelson, Individually & in his official capacity as a Sgt. for the Missouri Department of Corrections; Pat Kaiser, Individually & in his official capacity as a Sgt. for the Missouri Department of Corrections; Dave Hughes, Individually & in his official capacity as an officer for the Missouri Department of Corrections; Ben W. Finley, Individually & in his official capacity as an officer of the Missouri Department of Corrections; Gilbert Painter, Individually & in his official capacity as an officer for the Missouri Department of Corrections; Earl Englebreck, Individually & in his official capacity as an officer for the Missouri Department of Corrections; David C. Cavendar, Individually & former official capacity as an employee of the Missouri Department of Corrections; JoAnn Mertains, Individually & in her official capacity as an assistant institutional head/Renz Farm; Martha Keeran, Individually & in her official capacity an employee of the Missouri Department of Corrections; Donald Wyrick, Warden, individually & in his official capacity as warden of the Missouri Department of Corrections; Dr. Griffen, Individually & in his official capacity as physician for the Missouri Department of Corrections; Jane Does; John Does; Warren Carrender; Lawrence Bax; Ansel Card; William Turner, Appellees.

No. 92–2837.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1993.

Decided April 23, 1993.

Bob J. Settle, pro se.

Bruce Farmer, Asst. Atty. Gen., Jefferson City, MO, argued, for appellees.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Bob Settle, a former Missouri inmate, appeals the district court's[1] grant of summary judgment in favor of sixteen defendants in this 42 U.S.C. § 1983 action. We affirm.

Settle alleged that, while he was incarcerated at Renz Farm Correctional Center from March 1984 to April 1985, defendants conspired to deny him due process, subjected him to cruel and unusual punishment, and failed to protect him. After filing an answer, defendants moved for summary judgment arguing that they were entitled to qualified immunity, and that Settle failed to state a claim. Defendants supported their motion with Settle's deposition and various documents. In response to defendants' motion, Settle argued that genuine issues of material fact still existed. He did not, however, identify any of these issues of fact, and he did not produce any additional evidence other than the allegations contained in his complaint. The district court granted defendants' motion.

We review de novo a district court's grant of summary judgment. *United States ex. rel. Glass v. Medtronic, Inc.,* 957 F.2d 605, 607 (8th Cir.1992). A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In addition, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

We conclude that Settle did not adequately respond to defendants' summary judgment motion. Once defendants moved for summary judgment, Settle had to "go beyond the pleadings and . . . designate 'specific facts showing that there [was] a genuine issue for trial.'" *See Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P.

1. The Honorable Howard F. Sachs, Senior United States District Judge for the Western District of Missouri.

164

56(c)). As a result, Settle had an obligation to present affirmative evidence to support his claims. *See Anderson,* 477 U.S. at 257, 106 S.Ct. at 2514. Although Settle filed a response, he failed to adequately support his allegations that a conspiracy existed, that defendants were deliberately indifferent to his serious medical needs, that he was denied due process at the disciplinary hearing, or that defendants did anything that amounted to cruel and unusual punishment.

We have carefully reviewed Settle's remaining claims and determine that they lack merit.

Accordingly, we affirm.