# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1779WA

_____

Leon Jenkins,                   *
                                *

       Appellant,           *
                                *   On Appeal from the United

   v.                      *   States District Court
                                *   for the Western District
                                *   of Arkansas.

Southern Farm Bureau Casualty,   *
                                *

       Appellee.           *

_____

Submitted: September 9, 2002

Filed: October 15, 2002

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MELLOY, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Leon Jenkins appeals from the District Court's grant of summary judgment on his claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. (the ADEA). The District Court dismissed his claim on the ground that, as an independent contractor, he was not covered by the ADEA. The issue before this Court is whether Mr. Jenkins provided sufficient evidence that he was an employee, rather than an independent contractor, to raise a genuine issue of material fact as to whether he was covered by the ADEA. We hold that Mr. Jenkins did raise such a issue, and therefore, we reverse the District Court's grant of summary judgment.

I.

Mr. Jenkins began working for Southern Farm Bureau Casualty (SFBC) when he was 24 years of age and served as SFBC's agency manager in Malvern, Hot Spring County, Arkansas, for about 35 years. On September 15, 2000, when Mr. Jenkins was 59 years of age, representatives of SFBC met with him and asked him to resign. He was told that if he did not choose to resign, he would be terminated. Mr. Jenkins decided to resign effective December 31, 2000, and notified SFBC of his decision. The parties dispute the reason for the company's forcing Mr. Jenkins out. Mr. Jenkins alleges that the company forced him out to replace him with a younger worker, while SFBC alleges that he was forced out because of repeated violations of company policy and because of inappropriate comments he allegedly made. Mr. Jenkins filed an ADEA complaint with the Equal Employment Opportunity Commission. After receiving a right-to-sue letter, he commenced this lawsuit alleging that SFBC discriminated against him on account of his age.[1]

SFBC moved for summary judgment on Mr. Jenkins's ADEA claim, asserting that he was an independent contractor and thus not subject to the protection of the ADEA. See 29 U.S.C. § 623. The District Court granted SFBC's motion, holding that there was no genuine issue of material fact, and that SFBC was entitled to judgment because the evidence established as a matter of law that Mr. Jenkins was, indeed, an independent contractor.

The District Court began its analysis by noting that the ADEA "protects 'employees,' but not independent contractors," District Court Order at 7, and correctly concluded that the proper standard for determining whether a worker is an

---

[1]Jenkins also raised a state-law claim that he was fired in retaliation for complaining about a company sales quota, but that claim was not raised on this appeal and is thus waived. See Etheridge v. United States, 241 F.3d 619, 622 (8th Cir. 2001).

employee is set forth in <u>Nationwide Mutual Insurance Co. v. Darden</u>, 503 U.S. 318 (1992). In that case, the Supreme Court noted that when a statute does not contain a helpful definition of the term "employee," the courts should look to that term's common-law meaning. <u>Id</u>. at 322-23. The Supreme Court also included a non-exhaustive list of factors to be considered:

> we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

<u>Id</u>. at 323-24 (quoting <u>Community for Creative Non-Violence v. Reid</u>, 490 U.S. 730, 751-52). The District Court also correctly noted that the inquiry "is fact intensive, and all facts concerning performance and work situation should be analyzed." District Court Order at 8.

The District Court then proceeded to apply the <u>Darden</u> factors to this case. The District Court first considered what facts supported Mr. Jenkins's claim that he was an employee. The District Court concluded that there were only a few such facts:

> They would include that Jenkins accessed and used SFBC's mainframe computer system; he had to abide by SFBC's harassment policies; SFBC required him to maintain acceptable errors and omissions coverage; he participated in SFBC sponsored group insurance policies; SFBC had final authority to make underwriting decisions; and only SFBC had

authority to contract with the insurance agents who worked out of Jenkins' agency.

District Court Order at 9. The District Court then considered the facts that supported SFBC's contention that Mr. Jenkins was an independent contractor:

> The Agency Manager Contract expressly provided that Jenkins had the right to control his daily activities as agency manager and the means by which he carried out the provisions of his contract with SFBC. In addition, Jenkins exercised independent judgment as to who his customers would be, and how he would solicit their business. Other than specifying that the agency office would be located in Malvern, Arkansas, SFBC did not select the site of the office. SFBC did not pay for Jenkins' office space, office supplies or equipment, or prescribe office hours. Both Jenkins' and SFBC had the right to terminate their relationship at any time upon ten (10) days notice, and Jenkins received commissions and paid self-employment taxes.

District Court Order at 9-10. After listing the factors that it found relevant, the Court weighed the factors and concluded that Mr. Jenkins was an independent contractor. The District Court, therefore, granted summary judgment in favor of SFBC on the ground that Jenkins was not protected by the ADEA.[2] Jenkins is before this Court appealing that decision.

## II.

A motion for summary judgment should be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as

---

[2]The District Court also granted summary judgment on Jenkins's claim for retaliatory termination. District Court Order at 10-12.

a matter of law. Fed. R. Civ. Procedure 56(c). In deciding whether there is a genuine issue of material fact, the court must view all evidence in the light most favorable to the non-moving party and must give that party the benefit of all justifiable inferences. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986). This Court reviews decisions to grant summary judgment de novo. See Settle v. Ross, 992 F.2d 162, 163 (8th Cir. 1993). An instructive case in the present context is Lilley v. BTM Corp., 958 F.2d 746, 750 n.1 (6th Cir. 1992) ("The determination of employment status is a mixed question of law and fact. Normally, a judge will be able to make this determination as a matter of law. However, where there is a genuine issue of fact or conflicting inferences can be drawn from the undisputed facts, as here, the question is to be resolved by the finder of fact in accordance with the appropriate rules of law.")

With this standard in mind, we first note some relevant facts not mentioned in the District Court's opinion. In Darden, the Supreme Court noted that one of the factors to consider in deciding on a worker's employment status is the length of that worker's service. 503 U.S. at 323. Mr. Jenkins had worked for SFBC for about 35 years without interruption. Yet another factor that the Supreme Court noted in Darden was whether the individual's work was part of the company's regular course of business. Id. at 324. Mr. Jenkins was engaged in work that was in SFBC's regular course of business--selling insurance. Both of these factors weigh against a summary-judgment determination in favor of the company.

We also respectfully disagree with the District Court with regard to others of the relevant factors. The District Court concluded that "[o]ther than specifying that the agency office would be located in Malvern, Arkansas, SFBC did not select the site of the office. SFBC did not pay for Jenkins' office space, office supplies or equipment, or prescribe office hours." District Court Order at 9. In the affidavit that he attached to his opposition to summary judgment, however, Mr Jenkins stated:

5. I was told where to locate the office by Farm Bureau and the County Board which owned the office building. I was also instructed that the office was to be kept open on a daily basis with normal business hours of 8 a.m. to 5 p.m. on Monday through Friday.

6. Farm Bureau paid all utilities and furnished all office equipment, telephones, fax machines, postage, copiers, and office supplies for the office. Any purchases of office furniture, phone systems, or other equipment or supplies were required to be approved by Farm Bureau after I submitted the pricing to Farm Bureau. This also included ads for the yellow pages in the local telephone directory.

Appellant's Appendix 6. SFBC's summary-judgment evidence, on the other hand, indicates that it was the County Farm Bureau--a separate corporate entity--that instructed Mr. Jenkins on where to locate his office, told him what hours it was to remain open, and provided all of his equipment and supplies. Appellee's Appendix 33-34, 44. The District Court concluded that it was not SFBC, but the County Farm Bureau that made these decisions. District Court Order at 3.

We take a different view. In his affidavit, Mr. Jenkins differentiates between "Farm Bureau" and "the county board" and indicates that both entities were involved in making these decisions. A reasonable inference from this differentiation is that Mr. Jenkins used the term "Farm Bureau" to refer to SFBC. Read in this way, Mr. Jenkins's affidavit alleges that SFBC instructed him where to place his office, paid for his utilities and office supplies, and mandated the hours that his office must remain open. Thus, the District Court was faced with competing evidence on these facts: SFBC alleged that it played no role in these decisions, while Mr. Jenkins's sworn affidavit alleged that SFBC did play a role. These competing arguments, both in the form of affidavits, create a genuine issue of fact as to who controlled the location of his office, who decided what hours his office would be open, and who

-6-

paid for the office utilities and supplies. As the non-moving party, Mr. Jenkins was entitled to the benefit of all reasonable inferences from the evidence.

Are these disputed facts material? A fact is material if its determination in favor of the non-moving party could affect the result in the case. Thus, to assess the materiality of the disputed facts in this case, we must consider whether SFBC would be entitled to judgment as a matter of law even if the disputed facts are ultimately decided in Mr. Jenkins's favor. Once we provide Mr. Jenkins with the benefit of all reasonable inferences, four factors weigh in favor of the holding that Jenkins was an independent contractor: (1) the agreement designates him so; (2) he was to exercise independent judgment in deciding whom he would solicit; (3) he was paid by commission; and (4) he was responsible for his own taxes.[3] There are, on the other hand, numerous facts supporting Mr. Jenkins's claim that he was an employee, assuming that the jury would resolve the issues in his favor: (1) SFBC directed the location of his office; (2) SFBC directed what hours he was to keep his office open; (3) SFBC paid for his utilities and office equipment; (4) SFBC required him to maintain errors and omissions coverage; (5) SFBC provided Jenkins with a company-sponsored insurance plan; (6) SFBC maintained ultimate authority over underwriting decisions; (7) SFBC provided Jenkins with access to its mainframe computer; (8) SFBC required Jenkins to abide by its harassment policies; (9) SFBC maintained complete power to hire and fire all agents working under Jenkins's control; (10) Jenkins had worked for SFBC continuously for more than 30 years; and (11) the work that Jenkins did was in SFBC's regular course of business. On this constellation of facts, the determination of whether Mr. Jenkins is an employee is too

---

[3]The District Court also cites the ability of either party to terminate the relationship as weighing in favor of independent-contractor status, but this fact is equally as consistent with employment status, given that employment contracts are generally considered to be terminable at will.

close to be made as a matter of law, so Mr. Jenkins is entitled to reach the jury on this issue.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.