# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3955

———————

| | |
|---|---|
| Maria Wortham, | * |
| | * |
| Appellant, | * |
| | * |
| | *  Appeal from the United States |
| v. | *  District Court for the |
| | *  Northern District of Iowa. |
| American Family Insurance Group; | * |
| Dave Vore, | * |
| | * |
| Appellees, | * |
| | * |
| Bob Carnine, | * |
| | * |
| Defendant. | * |

———————

Submitted:  September 23, 2004
Filed:  October 8, 2004

———————

Before WOLLMAN, McMILLIAN, and RILEY, Circuit Judges.

———————

RILEY, Circuit Judge.

Maria Wortham (Wortham), an insurance agent, appeals the district court's[1] adverse grant of summary judgment in her employment discrimination action. Wortham claimed age discrimination in violation of the Age Discrimination in

———————

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Employment Act (ADEA), 29 U.S.C. § 623, and the Iowa Civil Rights Act (ICRA), Iowa Code § 216.6; sex discrimination in violation of Title VII, 42 U.S.C. § 2000e, and the ICRA; denial on the basis of her race (African-American) of the right to enjoy the benefits of her contractual relationship with American Family, in violation of 42 U.S.C. § 1981; and race discrimination in violation of the ICRA. The district court granted American Family summary judgment, concluding (1) Title VII does not protect independent contractors, and Wortham admitted she was an independent contractor; and (2) Wortham did not present sufficient evidence to create a genuine issue as to discrimination.

We review de novo the district court's grant of summary judgment. See Jenkins v. S. Farm Bureau Cas., 307 F.3d 741, 743 (8th Cir. 2002). Because we determine Wortham sufficiently disputed her employment status below, we analyze whether she was an independent contractor under the multiple-factor test adopted by this circuit. See Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 483-84 (8th Cir. 2000) (applying non-exhaustive list of factors enumerated in Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323-24 (1992)).

We conclude, as a matter of law, the undisputed facts show Wortham was an independent contractor because (1) Wortham is an insurance professional; (2) the agent agreement signed by Wortham expressly identified her as an independent contractor; (3) American Family did not supervise her day-to-day activities; (4) Wortham worked out of an independent office, hired her assistants, and paid all office-related expenses, including assistants' salaries, rent, utilities, furniture, and supplies; (5) Wortham was not subjected to any formal hour or leave policies; (6) Wortham was paid exclusively by commission, did not receive employee benefits, and was responsible for paying self-employment taxes; and (7) Wortham was free to terminate her contract with American Family at will. See Lerohl v. Friends of Minn. Sinfonia, 322 F.3d 486, 488 (8th Cir.) (issue whether workers were employees or independent contractors is question of law which may properly be resolved by summary judgment provided there is no genuine issue of material fact), cert denied,

124 S. Ct. 469 (2003); <u>Schwieger</u>, 207 F.3d at 484-86 (factors); <u>see also</u> <u>Birchem v. Knights of Columbus</u>, 116 F.3d 310, 313 (8th Cir. 1997) (federal courts have consistently found that insurance agents are independent contractors). While we recognize some aspects of American Family's relationship with Wortham were consistent with employment, we conclude the overwhelming balance of factors support the district court's independent contractor determination. <u>Id.</u>

Independent contractor status is not protected under the ADEA, Title VII, or the ICRA. Employees are protected under these acts. Thus, Wortham's claims brought pursuant to these statutes fail as a matter of law. <u>See</u> <u>Schwieger</u>, 207 F.3d at 487 (Title VII); <u>Jenkins</u>, 307 F.3d at 742 (ADEA); <u>Weary v. Cochran</u>, 377 F.3d 522, 524 (6th Cir. 2004) (ADEA); <u>Birchem</u>, 116 F.3d at 314 (state law); <u>Loeckle v. State Farm Auto. Ins. Co.</u>, 59 F. Supp. 2d 838, 846 (N.D. Iowa 1999) (extending federal-statute requirement of employee status to ICRA claim); <u>aff'd</u>, 210 F.3d 379 (8th Cir. 2000) (unpublished table decision).

Wortham's status as an independent contractor, however, does not preclude her from pursuing a claim under section 1981. "Section 1981 does not limit itself, or even refer, to employment contracts but embraces all contracts and therefore includes contracts by which a[n] . . . independent contractor . . . provides service to another." <u>Danco, Inc. v. Wal-Mart Stores, Inc.</u>, 178 F.3d 8, 14 (1st Cir. 1999). To establish a prima facie case under section 1981, Wortham had to show (1) she is a member of a racial minority; (2) American Family intended to discriminate against her on the basis of race; and (3) the discrimination concerned an area enumerated in section 1981. <u>See</u> <u>Williams v. Lindenwood Univ.</u>, 288 F.3d 349, 355 (8th Cir. 2002). We agree with the district court that Wortham presented insufficient evidence to support her bare allegation of discrimination. The only evidence Wortham produced was an unauthenticated list of transfers, which failed to identify the race of either the transferors or the transferees. <u>See</u> Fed. R. Civ. P. 56(e) (party opposing summary judgment may not rest on allegations in pleadings, but must set forth specific facts showing genuine issue for trial); <u>Jeseritz v. Potter</u>, 282 F.3d 542, 545-46 (8th Cir.

2002) (party opposing summary judgment must point to evidence sufficient to raise genuine issue for trial).

Accordingly, we affirm.

_____