Leon JENKINS, Plaintiff/Appellant,

v.

**SOUTHERN FARM BUREAU CASUALTY, Defendant/Appellee.**

No. 03–3758.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 2004.

Decided March 10, 2005.

Charles J. Lincoln, II, Lincoln & Lockhart, Little Rock, AR, for Plaintiff–Appellant.

William A. Waddell, Jr., Friday & Eldredge, Little Rock, AR, for Defendant–Appellee.

Before WOLLMAN, RICHARD S. ARNOLD,[1] and BYE, Circuit Judges.

PER CURIAM.

Leon Jenkins brought suit against Southern Farm Bureau Casualty (SFBC), under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, after he was forced to resign based on the threat of termination as SFBC's agency manager in Malvern, Arkansas, at the age of 59. After trial, the jury returned a verdict in favor of SFBC finding Mr. Jenkins was not an employee of SFBC, but an independent contractor. The district court[2] entered judgment in favor of SFBC because claims by independent contractors are not covered under the ADEA. He argues the judgment should be overturned because the district court erred in excluding from evidence documents which support his claims as being relevant to establish he was an SFBC employee and not an independent contractor. We affirm.

This case was previously before the court in *Jenkins v. Southern Farm Bureau Casualty*, 307 F.3d 741 (8th Cir.2002) (*Jenkins I*), where we examined the district court's grant of summary judgment in favor of SFBC. The district court held Mr. Jenkins was an independent contractor, rather than an SFBC employee, and therefore not protected under the ADEA. In reaching this conclusion, the district court applied the non-exhaustive list of factors set out in *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992), to determine "the hiring party's right to control the manner and means by which the product is accomplished." *Id.* at 323–24, 112 S.Ct. 1344. After weighing these factors in his case, and finding no genuine issues of material fact, the district court concluded he was an independent contractor rather than an employee of SFBC.

In *Jenkins I*, we reversed and held the district court erred by failing to consider all relevant facts and draw all reasonable inferences from the facts in his favor by concluding when all relevant facts and reasonable inferences from those facts were considered, the determination of whether Mr. Jenkins was an employee was too close to be made as a matter of law, and accordingly should be decided by the trier of fact. *Jenkins I*, 307 F.3d at 745 (citing *Lilley v. BTM Corp.*, 958 F.2d 746, 750 n. 1 (6th Cir.1992)).

On remand, a jury trial was held on the discrimination claim, and the question of whether Mr. Jenkins was an employee of SFBC was submitted to the jury. At trial, on direct examination, he testified when he left SFBC he left behind his agent's manual, which contained instructions on how to

---

1. The Honorable Richard S. Arnold died on September 23, 2004. The case has been decided by the remaining members of the panel pursuant to 8th Cir. R. 47E.

2. The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

write different types of insurance. While he was testifying, his lawyer Mr. Lincoln attempted to hand him a policies-and-procedures manual for agents. SFBC's lawyer objected on the grounds SFBC had not been informed about the manual prior to trial. Lawyer Lincoln explained he obtained the manual a few days before trial from a separate case that SFBC's lawyer had tried involving a different terminated agent. Mr. Jenkins claimed the policies-and-procedures manual was similar to the one he left at SFBC. When the court questioned lawyer Lincoln about the manual, he explained: "All I'm going to ask this man is has he gone through that at my request and does he recognize that he got the same instructions in his manual that are in that manual." Mr. Lincoln also stated he only intended to introduce part of the manual into evidence "to show that Southern Farm was well aware of the Act" to demonstrate willfulness. The district court ruled Mr. Jenkins could not review the manual while testifying, but his lawyer could ask him "what is your recollection and what were your instructions concerning it."

Later at trial, Jenkins's lawyer attempted to offer into evidence documents taken from the larger policies-and-procedures manual during the examination of SFBC Sales Manager Ted Rogers, who terminated Mr. Jenkins's contract with SFBC. Outside the presence of the jury, the court permitted the lawyer to mark as exhibits and make an offer of proof on any documents from the manual which he sought to introduce into evidence. Lawyer Lincoln made offers of proof on four documents, which were marked Plaintiff's Exhibits 4 through 7. The district court excluded Plaintiff's Exhibits 4, 5, and 7, but admitted Plaintiff's Exhibit 6 after finding the document was relevant to the issue of control.

The jury returned a verdict in favor of SFBC after finding Mr. Jenkins was an independent contractor, and not an employee of SFBC. The district court entered judgment for SFBC. On appeal he argues the judgment should be overturned because the district court excluded documents which were relevant to demonstrate SFBC's control over him. Upon examining the record in this case, we find the Jenkins claims to be without merit.

We review evidentiary rulings made by the district court at trial for abuse of discretion, "according such decisions 'substantial deference.'" *Watson v. O'Neill*, 365 F.3d 609, 615 (8th Cir.2004) (citation omitted).

Mr. Jenkins argues the district court erred in declining to admit the entire policies-and-procedures manual into evidence. The record shows his lawyer never offered the entire policies-and-procedures manual into evidence. In fact, when the district court asked Mr. Lincoln if he intended to introduce the manual as an exhibit, he told the court: "I don't intend to introduce the manual." We therefore reject this claim. *See Maddox v. Patterson*, 905 F.2d 1178, 1181 (8th Cir.1990) (party that did not offer record into evidence at trial cannot complain on appeal that district court did not admit record).

█ We also hold the district court did not abuse its discretion in excluding the documents which Lincoln did offer into evidence. Plaintiff's Exhibit 7 is a document entitled "Policies and Operating Procedures of the Insurance Sales Department." The document discusses procedures for the termination of an agency manager's contract. After reviewing the record, we conclude lawyer Lincoln did not offer Plaintiff's Exhibit 7 to demonstrate control. Instead, he attempted to introduce Plaintiff's Exhibit 7 to show Mr. Rogers did not follow SFBC's procedures

for terminating an agent when he terminated the Jenkins contract. *See Tate v. Robbins & Myers, Inc.,* 790 F.2d 10, 12 (1st Cir.1986) (party that argued to trial court manual was admissible for one purpose cannot argue on appeal exclusion of the manual was erroneous because manual is relevant for another purpose).

■ Plaintiff's Exhibit 4 is a document entitled "Minimizing Legal Exposures for County Farm Bureaus and Officers/Directors." Plaintiff's Exhibit 5 is a document entitled "Relationship and Responsibilities of Persons in the County Farm Bureau Office." SFBC objected on the grounds the documents were irrelevant because they pertained to the County Farm Bureau (CFB), which was not a party in the case. The court excluded the documents on the same grounds. While making an offer of proof for Plaintiff's Exhibits 4 and 5, Lincoln attempted to get Mr. Rogers to agree the documents were put out by SFBC, but was unsuccessful. Now on appeal, Mr. Jenkins argues documents put out by CFB are relevant to demonstrate SFBC's control over him because CFB is merely SFBC's puppet. We decline to address this argument as he failed to present the argument to the district court.

■ Even if the district court erred in excluding the documents, Mr. Jenkins has not demonstrated any prejudice from the exclusion. Upon finding an improper evidentiary ruling, our court will not overturn the district court's judgment unless the error affected the substantial rights of the party. *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.,* 356 F.3d 850, 857 (8th Cir.2004) (citation omitted).

Although the policies and procedures manual was not admitted into evidence, Mr. Jenkins testified about his recollection of the manual and its contents. Thus, any evidence relating to control as contained in Plaintiff's Exhibits 4, 5, and 7 would have been cumulative. He argues that even though he was able to testify about the contents of the policies-and-procedures manual at trial he was prejudiced by the exclusion of the manual because "the jury could have viewed [his testimony] as at least somewhat self-serving." We find this argument unpersuasive. The judgment of the district court is affirmed.