# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1200

_____

Barbara Ernster,

    Plaintiff - Appellant,

v.

Luxco, Inc.,

    Defendant - Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*
\*

_____

Submitted: October 21, 2009
Filed: February 23, 2010

_____

Before LOKEN, Chief Judge, MURPHY and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

Barbara Ernster sued Luxco, Inc., alleging wrongful termination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626 *et seq.*, and the Iowa Civil Rights Act (ICRA), Iowa Code Ann. Ch. 216. After denying Luxco summary judgment on the threshold issue of whether Ernster was an employee or an independent contractor, the district court[1] ordered a jury trial of that issue. The jury returned a general verdict that Ernster was an independent contractor. The court entered judgment on the verdict dismissing Ernster's claims and denied her post-

_____

[1]The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa.

judgment motion for new trial, based on alleged instruction errors, or for judgment as a matter of law. Ernster appeals, arguing primarily the issue of alleged instruction errors. We affirm.

## I. Background

David Day owned and managed Iowa Liquor Products, Inc. (ILP), a brokerage company representing liquor and wine companies selling their products in the State of Iowa. Iowa is a "control" State in which suppliers sell liquor products to the State, which resells to customers such as bars and retail liquor stores. See Iowa Code Ann. § 123.22. ILP's function was to promote suppliers' brands by traveling to bars, restaurants, liquor stores, and other customers around the State.

In 1999, Ernster and Day agreed she would become ILP's exclusive marketing representative in northeastern Iowa, calling on customers throughout the territory to promote ILP brands and products. Day provided Ernster the names and locations of existing customers in her territory, and thereafter advised her of new accounts that Day learned about through ILP's relationship with the State. Ernster was expected to visit customers regularly, making sure that ILP products were effectively displayed, urging customers to stock additional ILP products, distributing promotional materials furnished by ILP's suppliers, and arranging and conducting product demonstrations.

ILP and Ernster had no written employment agreement. Day testified that all ILP marketing representatives understood they were independent contractors, not employees. Ernster testified she "was led to believe that [she] was an employee." Her fellow marketing representative, Mike Ryan, testified that, when Day hired him, Day explained that Ryan would be an independent contractor. ILP did not provide Ernster

-2-

insurance or retirement benefits. Ryan testified marketing representatives did not receive employee benefits because they "were independent people."[2]

ILP paid Ernster a fixed monthly stipend that was not calculated as a commission on sales. She also earned commissions or bonuses based upon monthly sales volumes of particular products. ILP did not withhold income taxes from Ernster's monthly compensation. Each year, ILP sent her an annual income tax Form 1099 reporting self-employment income, rather than a Form W-2 reporting wage or salary income. Ernster's tax preparer testified that Form 1099 "indicates a self-employed or independent contractor [status]." Ernster reported ILP income and business expense deductions on Schedule C of her annual IRS Form 1040.

Ernster worked out of her home and paid her travel expenses, which were substantial, and the costs of her cell phone and computer. She worked a full-time schedule for ILP, though she also worked part-time as a scheduler and bartender for a local convention center. Ernster testified that she was required to make at least eleven customer calls per day, and that Day called her around 7:30 in the morning to discuss her daily activities. She admitted that she decided when to call on particular accounts, was free to start and end her work days at different times, and did not have to work a fixed number of hours per week. Day testified that he imposed no minimum customer call requirement. He denied calling Ernster each morning but agreed they spoke regularly, usually when Ernster called him. Day testified that Ernster had "no direction as to when she worked, as long as she accomplished the job." Ernster and Day's two other marketing representatives attended monthly sales meetings at his home in Marshalltown and submitted weekly reports of stores visited and new accounts obtained.

---

[2]Though called as a witness by Ernster, the district court observed during a side-bar conference that Ryan was Luxco's best witness.

In December 2003, Day sold ILP to the David Sherman Corporation (DSC), a liquor "rectifier" based in St. Louis.[3] Day remained with DSC as a consultant, continuing to manage and supervise ILP's marketing representatives, including Ernster, who were told the change in ownership did not affect their positions. Don Wackerly became Iowa Division Manager in July 2005, sharing responsibilities with Day until Day retired later that year. DSC changed its name to Luxco in December 2005. In early 2006, Luxco converted the Iowa marketing staff to full-time Luxco employees, requiring the existing marketing representatives to apply for new positions. Ernster applied and interviewed for the job but was not hired. Luxco terminated her contract position in March 2006. A younger female took over part of Ernster's former territory. This age discrimination lawsuit followed.

## II. The Instruction Issue

Ernster alleges age discrimination in violation of the ADEA and the ICRA. Both statutes protect employees but not independent contractors. Wortham v. Am. Family Ins. Group, 385 F.3d 1139, 1141 (8th Cir. 2004). In Nationwide Mutual Insurance Co. v. Darden, 503 U.S. 318, 323-24 (1992), the Supreme Court held that, when the definition of "employee" in a federal statute "is completely circular and explains nothing," the Court will adopt the common-law test derived primarily from the Restatement (Second) of Agency § 220(2) (1958), and summarized in Community for Creative Non-Violence v. Reid, 490 U.S. 730, 751-52 (1989):

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source

---

[3]Explaining its business, a Luxco vice president testified that Luxco buys liquor products from distilleries, bottles them at its production facilities, and markets the products nationwide under trademarked brand names owned by Luxco.

of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Both the ADEA and the ICRA define employee in the same "circular" manner as the ERISA definition at issue in Darden. See 29 U.S.C. § 630(f); Iowa Code Ann. § 216.2(6); compare 29 U.S.C. § 1002(6) (ERISA). Thus, the parties agree that the Darden common-law test applies to Ernster's statutory claims of age discrimination. See Wortham, 385 F.3d at 1140; Jenkins v. So. Farm Bureau Cas., 307 F.3d 741, 743-45 (8th Cir. 2002).[4]

The ADEA grants plaintiffs the right to a jury trial "of any issue of fact in any such action." 29 U.S.C. § 626(c)(2). After denying Luxco summary judgment on this issue, the district court ordered a bifurcated jury trial, with the first trial limited to whether Ernster was an employee of Luxco. At the conclusion of this trial, the court submitted a single question to the jury: "Has plaintiff proved by the greater weight of the evidence that she was defendant's employee?" Neither party objected to submitting the issue in this manner. The jury answered the question in the negative, and the court entered judgment on the jury's verdict in favor of Luxco.

---

[4]Other circuits agree. See Barnhart v. New York Life Ins. Co., 141 F.3d 1310, 1313 (9th Cir. 1998); Speen v. Crown Clothing Corp., 102 F.3d 625, 631 (1st Cir. 1996), cert. denied, 520 U.S. 1276 (1997); Simpson v. Ernst & Young, 100 F.3d 436, 443 (6th Cir. 1996), cert. denied, 520 U.S. 1248 (1997); Frankel v. Bally, Inc., 987 F.2d 86, 90 (2d Cir. 1993).

Ernster's principal argument on appeal is that the district court abused its discretion in instructing the jury what to consider in determining whether Ernster was Luxco's employee. After bifurcating the trial and limiting the first trial to this employee issue, the court instructed the jury that the factors it may consider in deciding this issue "include, but are not limited to," sixteen enumerated aspects of the relationship between Ernster and Luxco. The court committed reversible error, Ernster argues, by omitting four of what she calls the thirteen mandatory Darden factors; by rewording three factors to favor Luxco's evidence; and by improperly dividing three factors into multiple factors, unduly emphasizing Luxco's evidence.

In support of this argument, Ernster correctly notes that we have repeatedly quoted or referred to the multi-factor passage in Darden in defining the common-law test for purposes of various federal statutory claims. See Wortham, 385 F.3d at 1140-41 (ADEA); Lerohl v. Friends of Minn. Sinfonia, 322 F.3d 486, 489 (8th Cir.) (ADA & Title VII), cert. denied, 540 U.S. 983 (2003); Jenkins, 307 F.3d at 742 (ADEA); Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 484 (8th Cir. 2000) (Title VII); Kirk v. Harter, 188 F.3d 1005, 1007 (8th Cir. 1999) (Copyright Act); Birchem v. Knights of Columbus, 116 F.3d 310, 312-13 (8th Cir. 1997) (ADA); Berger Transfer & Storage v. Central States, Se. & Sw. Areas Pension Fund, 85 F.3d 1374, 1378 (8th Cir. 1996) (ERISA). But in each of these cases, we were reviewing the grant of summary judgment or a district court's ruling after a bench trial. We have never reviewed a district court's instruction in submitting this issue to a jury. To do so in this case, we apply the familiar, deferential standard of review -- a district court has broad discretion in instructing the jury; we reverse only if, "when viewed in their entirety, the jury instructions contained an error or errors that affected the substantial rights of the parties." Ryther v. KARE 11, 108 F.3d 832, 846 (8th Cir.) (en banc), cert. denied, 521 U.S. 1119 (1997).

The Supreme Court in Darden emphasized that, in applying the common-law test, "all of the incidents of the relationship must be assessed and weighed with no one

factor being decisive." 503 U.S. at 324. Thus, we reject Ernster's contention that, in every case, a jury instruction must quote all the factors enumerated in <u>Darden</u> as they appear in that opinion, and may not list other relevant factors. The <u>Darden</u> factors are a nonexhaustive list, and the ultimate inquiry "requires more than simply tallying factors on each side and selecting the winner on the basis of a point score." <u>Schwieger</u>, 207 F.3d at 487. Here, the district court instructed the jury that it must consider all facts and circumstances concerning Ernster's work performance and relationship to Luxco, "whether listed above or not." The court listed sixteen factors that related the general <u>Darden</u> factors to the evidence presented by both parties in a neutral manner. "No one factor is decisive," the instruction concluded. We have no difficulty concluding that this instruction, taken as a whole in light of the evidence and the <u>Darden</u> standard, "fairly and adequately" submitted the employee issue to the jury. <u>Gill v. Maciejewski</u>, 546 F.3d 557, 563 (8th Cir. 2008) (quotation omitted).

### III. Sufficiency of the Evidence

Ernster further argues that the district court erred in denying her motion for judgment as a matter of law because the jury's verdict was "clearly erroneous and unsupported by the evidence" when properly evaluated using the <u>Darden</u> factors. Ernster raises this rather common contention in a unique context. Prior to <u>Darden</u>, many circuits held that whether a party was an employee for purposes of various federal statutes was an issue of law. <u>Darden</u> then replaced a variety of standards that circuit courts had based on the purposes of particular statutes with the more uniform common-law test derived from the Restatement of Agency. A pertinent Restatement comment states that if its multiple relevant factors provide a clear inference -

> that there is, or is not, a master and servant relation, it is made by the court; otherwise the jury determines the question after instruction by the court as to the matters of fact to be considered.

Restatement (Second) of Agency § 220 cmt. c. Despite this rather potent signal that the employee issue is one of fact under a common-law test, we and most other circuits have continued to treat the ultimate issue as one of law. Our post-Darden standard, first articulated in Berger Transfer, 85 F.3d at 1378, is that "a district court's findings as to the underlying factors must be accepted unless clearly erroneous, while review of the ultimate question of employment status is de novo." See Lerohl, 322 F.3d at 488; Schwieger, 207 F.3d at 484; Kirk, 188 F.3d at 1007; Birchem, 116 F.3d at 313.

We have only applied this issue-of-law standard in appeals from summary judgment and bench trial rulings, never in a case where the employee issue was submitted to a jury. But we have, perhaps paradoxically, approved the submission of that issue to a jury. In Jenkins, we reversed the district court's grant of summary judgment, concluding that "the determination of whether Mr. Jenkins is an employee is too close to be made as a matter of law, so Mr. Jenkins *is entitled to reach the jury on this issue*." 307 F.3d at 745 (emphasis added). On remand, the district court submitted the issue to the jury, which found Jenkins to be an independent contractor. He appealed but raised only evidentiary issues. We affirmed without addressing whether the issue was properly submitted. Jenkins v. So. Farm Bureau Cas., 125 Fed. App'x 749, 752 (8th Cir. 2005).

Again in Kirk, a copyright case like Reid, the district court submitted the employee issue to the jury, which returned a general verdict that a computer programmer was an employee. We reversed, without addressing "the degree of deference that should be shown" the jury's verdict, because the largely undisputed evidence compelled a determination that the computer programmer was an independent contractor. 188 F.3d at 1007-09.

In this case, the district court expressly relied on Jenkins in submitting the employee issue to the jury for a general verdict. Neither party objected, so once again we need not consider whether this was error. Because the ultimate issue is one of law,

the employee issue under <u>Darden</u> may often be decided by the court on a summary judgment record. But when the issue turns on disputed facts that preclude summary judgment, as in <u>Jenkins</u> and this case, we are inclined to think that a bifurcated jury trial is one procedural option the district court has discretion to adopt. <u>Accord</u> <u>Kirsch v. Fleet St. Ltd.</u>, 148 F.3d 149, 171 (2d. Cir. 1998).[5] However, unless the Supreme Court or our court en banc overrules the governing principle that the ultimate employee issue is one of law, the district court may not ignore its duty to review that aspect of the jury's verdict *de novo*.[6]

Here, in establishing the bifurcated trial procedure, the court advised counsel, without objection, that "if the jury verdict on [employment status] is in favor of the defendant, that's the end of it." In other words, counsel were fully warned that the

---

[5]A bifurcated trial using an advisory jury may be another option. Although only actions *not* triable as of right to a jury may be tried with an advisory jury, <u>see</u> Fed. R. Civ. P. 39(c); <u>Ind. Lumbermens Mut. Ins. Co. v. Timberland Pallet & Lumber Co.</u>, 195 F.3d 368, 374 (8th Cir. 1999), the first trial using this bifurcated procedure is to resolve an employee issue that is ultimately one of law.

[6]The Federal Circuit has developed a standard for reviewing the legal issue of a patent's obviousness that may be helpful in this context:

> When an issue of law has been submitted to the jury upon disputed facts . . . the standard of review has two parts. We first presume that the jury resolved the underlying factual disputes in favor of the verdict winner and leave those presumed findings undisturbed if they are supported by substantial evidence. Then we examine the legal conclusion *de novo* to see whether it is correct in light of the presumed jury fact findings.

<u>Hewlett-Packard Co. v. Mustek Sys., Inc.</u>, 340 F.3d 1314, 1325 (Fed. Cir. 2003) (quotation omitted); <u>see</u> <u>Mendenhall v. Cedarapids, Inc.</u>, 5 F.3d 1557, 1561-62 & n.3 (Fed. Cir. 1993), <u>cert. denied</u>, 511 U.S. 1031 (1994).

court would treat the jury's verdict as binding.[7] Ernster did not object, and her post-judgment motion for judgment as a matter of law argued, as she does on appeal, that the jury verdict was clearly erroneous and unsupported by the evidence, the standard for reviewing a jury's findings of fact. Like the district court, we conclude there was ample evidence, viewed in the light most favorable to the jury's verdict, to establish that Ernster was an independent contractor under <u>Darden</u>'s common-law test. A number of the <u>Darden</u> factors weighed strongly in this direction -- Luxco's and Ernster's tax treatment of her compensation and the lack of employee benefits, <u>see</u> <u>Kirk</u>, 188 F.3d at 1008; that Ernster paid her travel and other expenses, <u>see</u> <u>Schwieger</u>, 207 F.3d at 485; that Ernster worked "almost entirely . . . in the field," <u>see</u> <u>id.</u>, and had "considerable autonomy" over her schedule, <u>see</u> <u>Berger</u> <u>Transfer</u>, 85 F.3d at 1378; and, most significantly, the testimony by all witnesses other than Ernster that the ILP and later Luxco marketing representatives were not employees. While evidence relevant to other <u>Darden</u> factors was mixed, it fell far short of establishing that Ernster was Luxco's employee as a matter of law.

The judgment of the district court is affirmed.

MURPHY, Circuit Judge, concurring.

While I concur in Chief Judge Loken's opinion and his thorough discussion of our circuit law in this area, I write separately only to encourage the appropriate use of a jury in resolving factual disputes that frequently accompany the application of the <u>Darden</u> standard. Although the ultimate issue of employee status is one of law, resolving the issue on summary judgment is only appropriate "*provided* there is no genuine issue of material fact." <u>Lerohl v. Friends of Minn. Sinfonia</u>, 322 F.3d 486,

---

[7]In entering judgment, the court checked the box on the form stating, "The issues have been tried and the jury has rendered its verdict." The court did not make findings of fact or conclusions of law, either in entering judgment on the verdict or in denying Ernster's motion for a new trial or judgment as a matter of law.

488 (8th Cir. 2003) (emphasis in original).  As we have recognized, the determination of whether a party is an employee or an independent contractor is "extraordinarily fact intensive," Alford v. United States, 116 F.3d 334, 337 (8th Cir. 1997), and requires consideration of "all aspects of the working relationship between the parties," Hunt v. State of Mo., Dept. of Corrections, 297 F.3d 735, 741 (8th Cir. 2002).  Thus, the nature of the Darden standard is such that it may frequently involve fact issues which are ideal for submission to a jury as was done by the district court in this case.

_____