# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3613

_____

|  |  |  |
|---|---|---|
| Kenneth Bady, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Officer Ann Murphy-Kjos, in her | * | |
| individual capacity; Officer Jerry | * | |
| Johnson, in his individual capacity; | * | |
| Officer Patricia Nelson, in her | * | |
| individual capacity; Sgt. Charles | * | |
| Peter, in his individual capacity; | * | |
| Peter Stanton, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 19, 2010
Filed: January 7, 2011

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

RILEY, Chief Judge.

This appeal follows a jury verdict in favor of Minneapolis Police Officers Ann Murphy-Kjos, Jerry Johnson, Patricia Nelson, Peter Stanton and Sergeant Charles Peter (collectively, officers) on Kenneth Bady's 42 U.S.C. § 1983 claim that the officers used excessive force in seizing him during an incident at a friend's home. Bady

contends the district court[1] abused its discretion in allowing hearsay testimony and instructing the jury on excessive force. We affirm.

## I.   BACKGROUND

On February 24, 2006, Bady, a diabetic, appeared to have a heart attack while visiting the home of a friend. Firefighters responded to a call from Bady's host and tried to feed Bady glucose to address apparent complications from Bady's diabetes. Bady refused to take the glucose and pushed past the firefighters to go outside and get some air. The firefighters called the Minneapolis Police Department for help, describing Bady as "combative." Shortly thereafter, officers arrived at the scene.

Sergeant Peter testified that when he arrived at the scene, a paramedic told him Bady had assaulted a firefighter. Sergeant Peter and Officer Stanton attempted to place handcuffs on Bady. Bady ignored Sergeant Peter's verbal commands and resisted being taken into custody. A physical altercation ensued between Bady and the officers. The situation escalated when Officer Stanton advised the other officers Bady was grabbing Officer Stanton's gun. Officers Johnson and Murphy-Kjos eventually deployed their tasers. After being "tased" at least three times, Bady stopped resisting and placed his hands behind his back. Bady was then taken to the hospital by ambulance.

Bady filed suit in the district court pursuant to 42 U.S.C. § 1983, alleging the officers used excessive force to arrest him, in violation of his constitutional rights. Bady moved in limine to exclude Sergeant Peter's testimony that an unknown paramedic at the scene of the arrest told Sergeant Peter that Bady had just assaulted a firefighter. Bady argued the statement was inadmissible hearsay. The district court

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

denied Bady's motion, finding the statement was not hearsay because it was probative of what the officers knew or thought they knew at the time of the arrest.

Absent any objection from Bady, the district court instructed the jury according to Eighth Circuit Model Jury Instruction 4.10 (2005) (excessive force instruction), and included optional language adapted from Graham v. Connor, 490 U.S. 386 (1989), regarding "rapidly evolving" situations. Following a five-day trial, a jury returned a verdict in favor of the officers. Bady filed a series of post-trial motions. The district court denied the motions and then entered judgment on the verdict. Bady appeals.

## II.   DISCUSSION

### A.   Hearsay

Bady argues the district court erred in permitting Sergeant Peter to testify a paramedic told Sergeant Peter that Bady had assaulted a firefighter. "A district court's decision to admit or exclude testimony is reviewed for an abuse of discretion." Quigley v. Winter, 598 F.3d 938, 946 (8th Cir. 2010). "A district court enjoys wide discretion in ruling on the admissibility of proffered evidence, and evidentiary rulings should only be overturned if there was a clear and prejudicial abuse of discretion." Id. (citing U.S. Salt, Inc. v. Broken Arrow, Inc., 563 F.3d 687, 689-90 (8th Cir. 2009) (internal quotation marks omitted)).

The officers argue we should apply a plain-error standard of review because Bady did not renew his objection to the admission of Sergeant Peter's testimony at trial. However, "[o]nce the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Fed. R. Evid. 103(a); see, e.g., United States v. Collier, 527 F.3d 695, 699 (8th Cir. 2008). Here, we assume, without deciding, the district court's pretrial hearsay ruling was definitive under the circumstances and review for an abuse of discretion.

Bady contends the district court should have excluded the paramedic's statement as inadmissible hearsay. Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "[E]vidence is not hearsay when it is used only to prove that a prior statement was made and not to prove the truth of the statement." Anderson v. United States, 417 U.S. 211, 220 n.8 (1974). "A common type of statement that falls outside the hearsay definition, because it is not offered for its truth, is a statement that is offered to show its effect on the recipient." Barrett v. Acevedo, 169 F.3d 1155, 1163 (8th Cir. 1999).

The district court determined the challenged paramedic's statement was admissible because the officers did not offer it to establish Bady had assaulted a firefighter, but "to establish the totality of the circumstances relevant to determining whether the force used in seizing Bady was objectively reasonable." Indeed, Bady acknowledges the truth at issue in this case is "*not* whether Bady had actually assaulted a firefighter," but "whether the statement was made *at all*." Offered for that purpose, the contested statement is not hearsay and the district court did not err in admitting it.

### B. Excessive Force Instruction

Bady contends the excessive force instruction "is a finger on the scale of justice in favor of police." Bady suggests the district courts should receive more latitude in crafting excessive force instructions, particularly with respect to including the phrase "rapidly evolving" derived from Graham, 490 U.S. at 396-97. Bady does not cite, and we are unable to find, any evidence Bady timely objected to the excessive force instruction on the record, as required by Fed. R. Civ. P. 51(c), to preserve an alleged error for appeal. We therefore review for plain error. See Fed R. Civ. P. 51(d)(2); Niemiec v. Union Pac. R.R., 449 F.3d 854, 857-58 (8th Cir. 2006).

We will "consider a plain error in the instructions . . . that has not been preserved" by a proper objection as required by Fed. R. Civ. P. 51(d)(1)(A) if the error

affects substantial rights. Fed. R. Civ. P. 51(d)(2). "Plain error is a stringently limited standard of review, especially in the civil context, and must result in a miscarriage of justice in order to compel reversal." Niemiec, 449 F.3d at 858 (quoting Horstmyer v. Black & Decker, Inc., 151 F.3d 765, 771 (8th Cir. 1998) (internal quotation marks omitted)). We find no miscarriage of justice here.

In reviewing jury instructions, we examine "whether the instructions, taken as a whole and viewed in the light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc., 254 F.3d 706, 711 (8th Cir. 2001) (quoting White v. Honeywell, Inc., 141 F.3d 1270, 1278 (8th Cir. 1998) (internal quotation marks omitted)). We afford the district court "broad discretion in instructing the jury." Ernster v. Luxco, Inc., 596 F.3d 1000, 1004-05 (8th Cir. 2010). As noted by the district court, "[t]he Model Instructions . . . are not binding on the district courts of this circuit, but are merely helpful suggestions to assist the district courts." United States v. Norton, 846 F.2d 521, 525 (8th Cir. 1988).

In denying Bady's post-trial motions, the district court considered the excessive force instruction "well-supported by law" and "appropriate given the evidence introduced at trial." The district court concluded "the relatively short timeline in the case merited" inclusion of the "rapidly evolving" language.

We agree. The record contains ample evidence the officers responded to an urgent help call arising from a combative patient and the situation quickly escalated. Bady failed to show the excessive force instruction was improper or that the district court made any error, plain or otherwise, in giving the instruction.

III. CONCLUSION
We affirm.

_____

-5-